## EX PARTE MASON.

1. Where, by a general military court-martial, a person then in the military service of the United States was found guilty of an offence, and sentenced to be discharged from that service, and be imprisoned at hard labor in the penitentiary, — *Held,* that he cannot, under a *habeas corpus,* be discharged from imprisonment if the court had jurisdiction to try him for the offence and was authorized to render the sentence whereof he complains. *Sed quære,* can this court order in his behalf the issue of that writ?

2. A., a soldier of the army, while on duty in 1882 at the jail in Washington City, maliciously attempted to kill a prisoner who was, by the authority of the United States, there confined. No application was made for the delivery of A. to the civil authorities, but he was, on a charge of having violated the sixty-second Article of War, tried by a general court-martial, and sentenced to be imprisoned in the penitentiary for the term of eight years, and to be dishonorably discharged from the service, with the forfeiture of his pay and allowance due and to become due. *Held,* 1. That the fifty-eighth and fifty-ninth Articles of War have no application to the case. 2. That the act being a breach of military discipline as well as a crime against society, the court-martial had jurisdiction to try A., and to pronounce the sentence, inasmuch as he was, by the statute in force in the District of Columbia, subject, on conviction, to imprisonment for that period in the penitentiary, and the court could, in its discretion, inflict the other penalties.

PETITION for a writ of *habeas corpus* and a *certiorari.*
The case is stated in the opinion of the court.

*Mr. James M. Lyddy* for the petitioner.
*Mr. Asa Bird Gardner, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a petition for a writ of *habeas corpus* to release John

A. Mason, the petitioner, from confinement in the Albany penitentiary under a sentence by a general court-martial. The facts are these: Mason was a sergeant in Battery B of the Second Regiment of Artillery, in the army of the United States. He was tried by a general court-martial on the charge of violating the sixty-second Article of War, in that "having been ordered with his battery from Washington Barracks for guard duty at the United States jail, in the city of Washington, D. C., and having arrived at said jail for said duty," he "did thereupon, with intent to kill Charles J. Guiteau, a prisoner then confined under the authority of the United States in said jail, wilfully and maliciously discharge his musket, loaded with ball-cartridge, at said Guiteau, through a window of said jail, into a cell then occupied by the said Guiteau." Upon a trial duly had he was found guilty of the charge according to the specification, and sentenced "to be dishonorably discharged from the service of the United States, with the loss of all pay and allowances . . . due and to become due to him, and then to be confined at hard labor in such penitentiary as the proper authorities may direct for eight years." The Albany penitentiary was designated in due form as the place of confinement under this sentence.

A question which presents itself at the outset is whether this court has jurisdiction to issue such a writ as is asked, inasmuch as it has no power to review the judgments of courts-martial. Upon this question there is not entire unanimity of opinion among the members of the court, and we purposely withhold any decision at this time in respect to it. We all agree, however, that if a writ might issue, there could be no discharge under it if the court-martial had jurisdiction to try the offender for the offence with which he was charged, and the sentence was one which the court could, under the law, pronounce.

The sixty-second Article of War, under which Mason was tried, is as follows: —

"All crimes not capital, and all disorders and neglects, which officers and soldiers may be guilty of, to the prejudice of good order and military discipline, though not mentioned in the foregoing Articles of War, are to be taken cognizance of by a general,

or a regimental, garrison, or field officers' court-martial, according to the nature and degree of the offence, and punished at the discretion of the court."

The offence charged in this case was clearly one to the prejudice of good order and military discipline.

The offender was a soldier in the army of the United States. As such, according to the specifications of the charge made against him, he was ordered on guard duty at the United States jail, in Washington, and while on duty he wilfully and maliciously discharged his musket, with intent to kill a prisoner confined in the jail under the authority of the United States. The gravamen of the military offence is that, while standing guard as a soldier over a jail in which a prisoner was confined, the accused wilfully and maliciously attempted to kill the prisoner. Shooting with intent to kill is a civil crime, but shooting by a soldier of the army standing guard over a prison, with intent to kill a prisoner confined therein, is not only a crime against society, but an atrocious breach of military discipline. While the prisoner who was shot at was not himself connected with the military service, the soldier who fired the shot was on military duty at the time, and the shooting was in direct violation of the orders under which he was acting. It follows that the crime charged, and for which the trial was had, was not simply an assault with intent to kill, but an assault by a soldier on duty with intent to kill a prisoner confined in a jail over which he was standing guard.

In our opinion the fifty-eighth and fifty-ninth Articles of War have no application to the case. The fifty-eighth is as follows : —

"In time of war, insurrection, or rebellion, larceny, robbery, burglary, arson, mayhem, manslaughter, murder, assault and battery with an intent to kill, wounding, by shooting or stabbing, with intent to commit murder, rape, or assault and battery with an intent to commit rape, shall be punishable by the sentence of a general court-martial, when committed by persons in the military service of the United States, and the punishment in any such case shall not be less than the punishment provided for the like offence by the laws of the State, Territory, or District in which such offence may have been committed."

The object and purpose of this article were elaborately considered in *Coleman* v. *Tennessee*, 97 U. S. 509. As it is to operate only in time of war, it neither adds to nor takes from the powers which courts-martial have under the sixty-second article in time of peace.

Article 59 is as follows : —

" When any officer or soldier is accused of a capital crime, or of. any offence against the person or property of any citizen of the United States, which is punishable by the laws of the land, the commanding officer,. and the officers of the regiment, troop, battery, company, or detachment, to which the person so accused belongs, are required, except in time of war, upon application duly made by or on behalf of the party injured, to use their utmost endeavors to deliver him over to the civil magistrate, and to aid the officers of justice in apprehending and securing him, in order to bring him to trial. If, upon such application, any officer refuses or wilfully neglects, except in time of war, to deliver over such accused person to the civil magistrates, or to aid the officers of justice in apprehending him, he shall be dismissed from the service."

It is not pretended that any application was ever made under this article for the surrender of Mason to the civil authorities for trial. So far as appears, the person injured by the offence committed was satisfied to have the offender dealt with by the military tribunals. The choice of the tribunal by which he is to be tried has not been given to the offender. He has offended both against the civil and the military law. As the proper steps were not taken to have him proceeded against by the civil authorities, it was the clear duty of the military to bring him to trial under that jurisdiction. Whether, after trial by the court-martial, he can be again tried in the civil courts is a question we need not now consider. It is enough if the court-martial had jurisdiction to proceed, and what has been done is within the powers of that jurisdiction.

It is objected that the sentence is in excess of what the law allows. The ninety-seventh Article of War is as follows : —

" No person in the military service shall, under the sentence of a court-martial, be punished by confinement in a penitentiary, unless the offence of which he may be convicted would, by some statute of the United States or by some statute of the State, Territory, or

District in which such offence may be committed, or by the common law, as the same exists in such State, Territory, or District, subject such convict to such imprisonment."

Under this article, when the offence is one not recognized by the laws regulating civil society, there can be no punishment by confinement in a penitentiary. The same is true when the offence, though recognized by the civil authorities, is not punishable by the civil courts in that way. But when the act charged as " conduct to the prejudice of good order and military discipline " is actually a crime against society which is punishable by imprisonment in the penitentiary, it seems to us clear that a court-martial is authorized to inflict that kind of punishment. The act done is a civil crime, and the trial is for that act. The proceedings are had in a court-martial because the offender is personally amenable to that jurisdiction, and what he did was not only criminal according to the laws of the land, but prejudicial to the good order and discipline of the army to which he belonged. The sixty-second article provides that the offender, when convicted, shall be punished at the discretion of the court, and the ninety-seventh article does no more than prohibit the court from sentencing him to imprisonment in a penitentiary in a case where, if he were tried for the same act in the civil courts, such imprisonment could not be inflicted.

It is also claimed that the sentence is in excess of the jurisdiction of the court, because in addition to imprisonment in the penitentiary for the full term allowed by the laws of the District of Columbia for the offence of an assault with intent to kill, it subjects the offender to a dishonorable discharge from the army and a forfeiture of his pay and allowances. As has already been said, under the sixty-second article the punishment is to be at the discretion of the court. The ninety-seventh article only limits this discretion as to imprisonment in the penitentiary, and it has been nowhere provided that the punishment may not in other respects be greater than the civil courts could inflict.

" Cases arising in the land or naval forces " are expressly excepted from the operation of the Fifth Amendment of the

Constitution, which provides that "no person shall be held to answer a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury." The limitation as to "actual service in time of war or public danger" relates only to the militia. *Dynes* v. *Hoover*, 20 How. 65.

*Petition denied.*