In re STUBBS.

(Circuit Court, D. Washington, W. D.　January 3, 1905.)

1. CRIMINAL LAW—SOLDIERS—OFFENSES—ACQUITTAL BY CIVIL TRIBUNAL—EFFECT.

Where a United States soldier killed a fellow soldier during a military encampment, and on being surrendered to the civil authorities of the state was prosecuted for murder, and acquitted, such acquittal, though a final determination of his innocence of murder and of each lesser offense necessarily included therein, was no bar to his subsequent military arrest and trial by a general court-martial for "conduct to the prejudice of good order and military discipline," in violation of the sixty-second article of war [U. S. Comp. St. 1901, p. 957], though based on the same act.

2. SAME—CHARGES—SUFFICIENCY.

A charge of assault with a rifle and the infliction of a mortal wound by accused upon a fellow soldier, with particulars of the time and place clearly stated, sufficiently alleged an offense within the sixty-second article of war [U. S. Comp. St. 1901, p. 957], providing for trial and punishment of all crimes not capital, and all disorders and neglects which officers and soldiers may be guilty of to the prejudice of good order and military discipline.

3. SAME—SENTENCE.

The President having fixed a term of 10 years as the maximum of imprisonment in cases prosecuted under the sixty-second article of war, as authorized by Act Cong. Sept. 27, 1890, c. 998, 26 Stat. 491 [U. S. Comp. St. 1901, p. 969], a court-martial, on convicting a soldier of conduct prejudicial to good order and military discipline in violation of such article, had jurisdiction to sentence accused to a term of five years imprisonment, though such term extended beyond the term of military service for which he had enlisted.

Application by a military prisoner of the United States army, under sentence by a court-martial, to be restored to liberty, on the ground that the military court acted without legal authority. Heard on the petition and return to a writ of habeas corpus. Prisoner remanded.

W. H. Abel, for petitioner.

Maj. Henry M. Morrow, Judge Advocate U. S. A., and Edward E. Cushman, Asst. U. S. Atty., for respondent.

HANFORD, District Judge. During an encampment for military education and maneuvers at American Lake, in Pierce county, in this state, during the month of July, 1904, at which several thousand soldiers of the regular army of the United States and of the National Guard of Oregon, Washington, and Idaho were assembled, the petitioner, a soldier of the Nineteenth Regiment, United States Infantry, killed a fellow soldier of the same regiment by shooting him with a rifle. For that act the officers of his regiment, pursuant to the fifty-ninth article of war [U. S. Comp. St. 1901, p. 955], delivered the petitioner into the custody of the civil authorities, and he was prosecuted under the laws of this state in the superior court for Pierce county for the crime of murder, and upon his trial was acquitted by a jury. Afterwards, he was again taken into military custody, and was subsequently arraigned before a general court-martial upon the following charge and specification:

"Charge 1. Conduct to the prejudice of good order and military discipline, in violation of the sixty-second article of war.

"Specification. In that Private Fredie R. Stubbs, Co. K, 19th U. S. Infantry, did assault Private Tom C. Vandiver, Co. K, 19th U. S. Infantry, by shooting him with a rifle, and did wound the said Vandiver, thereby causing his, the said Vandiver's, death.

"This at American Lake, Washington, on or about the 9th day of July, 1904."

And by the judgment of that tribunal he was found guilty as charged, and sentenced to be dishonorably discharged from the service of the United States, and to forfeit all pay and allowances due him, and to be imprisoned for a term of five years, and by the return to the writ of habeas corpus issued from this court the commanding officer of Vancouver Barracks shows that he is imprisoned in pursuance of that sentence.

The grounds upon which the petitioner has invoked the jurisdiction of this court to restore him to liberty are two, viz.: First, that by surrendering the petitioner to the civil authorities, pursuant to the fifty-ninth article of war, and the subsequent proceedings, complete and exclusive jurisdiction attached to the superior court to finally determine the question of guilt or innocence of the crime of murder, and of each lesser offense necessarily included within that charge as it was identified by the specifications of time, place, and means of accomplishing the alleged murder, and his acquittal was a complete vindication, so that no other court or special tribunal can lawfully assume jurisdiction to try the petitioner again upon a criminal charge based upon the same facts; second, that the charge and specification upon which the petitioner was arraigned before the court-martial does not state facts constituting any offense nor a violation of the sixty-second article of war [U. S. Comp. St. 1901, p. 957].

The record of the proceedings against the petitioner in the superior court is conclusive in his favor in so far as it shows an adjudication that he is not guilty of any crime of which he might have been convicted under the information filed against him; but that is all. It does not establish as a fact that he did not kill a man, nor that the homicide was not a consequence of "conduct to the prejudice of good order and military discipline in violation of the sixty-second article of war." Although the act described in the specification of the charge upon which the petitioner was brought to trial before the court-martial is identical with the act alleged in the information for murder, the elements constituting the offense charged are radically different. After having surrendered him to the civil authorities, his military superiors could not lawfully deal with the petitioner for murder, manslaughter, or a criminal assault considered as a crime against society in general; but it is equally true that the superior court had no jurisdiction to adjudicate any question with respect to the petitioner's conduct as a soldier. The exactions of military discipline are such that an act, if committed by a civilian, may not be criminal, but, if committed by a soldier on duty, or in a military camp, may constitute a military offense, by reason of the relationship of the actor to the army, and the time, place, and circumstances of the act. The Constitution of the United States contains an absolute guaranty that no person shall "be subject for the same offense to be twice

put in jeopardy of life or limb." Amendments, art. 5. This record, however, does not present a case to which that clause of the Constitution is applicable. In the interpretation of the Constitution, and in enforcing its provisions, strict attention must be given to the accurate meaning of the words of this supreme law; and in this connection it is to be observed that the words "same offense" found in this clause of the Constitution are not synonymous with the words "same act," and, since more than one offense may be actually committed by a single act, the Constitution does not shield the perpetrator from punishment for other offenses when he has been convicted or acquitted of one, although it does exempt him from a second prosecution for that identical offense. The sixty-second article of war, upon which the second prosecution is founded, excludes capital crimes, and from the record it is manifest that when the petitioner was arraigned before the court-martial special care was taken to charge him with an offense different from the one of which he was acquitted by the superior court. Although the same act is specified, the gist of the offense charged is unsoldierly conduct by a soldier, subversive of military discipline. For that offense the petitioner continued to be amenable to military law, notwithstanding the verdict of the jury declaring him to be innocent of the alleged violation of the laws of the state. 17 Amer. & Eng. Enc. Law (2d Ed.) pp. 604, 605; Cross v. North Carolina, 132 U. S. 139, 10 Sup. Ct. 47, 33 L. Ed. 287; Steiner's Case, 6 Op. Atty. Gen. 413; Howe's Case, Id. 506. The charge and specification does not accuse the petitioner of any willful or felonious act, but I cannot assent to the proposition advanced in the petitioner's behalf that the facts alleged do not constitute an offense cognizable by the court-martial. An assault with a lethal weapon and the infliction of a mortal wound by one soldier upon another, with particulars of time and place, is clearly stated, and that is amply sufficient to support the charge of a crime comprehended by the sixty-second article of war, which reads as follows:

"Art. 62. All crimes not capital, and all disorders and neglects, which officers and soldiers may be guilty of, to the prejudice of good order and military discipline, though not mentioned in the foregoing articles of war, are to be taken cognizance of by a general, or a regimental, garrison, or field-officers' court-martial, according to the nature and degree of the offense, and punished at the discretion of such court." 1 U. S. Comp. St. 1901, p. 957.

This has been supplemented by the act of September 27, 1890, c. 998, 26 Stat. 491 [U. S. Comp. St. 1901, p. 969], which provides that punishment at the discretion of a court-martial shall not, in time of peace, exceed a limit which the President may prescribe, and I am informed that pursuant to this law the President has fixed as a maximum of imprisonment in cases prosecuted under the sixty-second article of war a term of 10 years.

It is my opinion that the surrender of the petitioner to the civil authorities did not have the effect to absolve him from his obligation under the terms of his enlistment; nor to divest his superior military officers of their authority to proceed against him for the military offense. And it is also my opinion that the charge and specification of that offense are not defective, and that the court-martial did not exceed its jurisdiction by sentencing him to suffer punishment by imprisonment

for a term extending beyond the term of military service for which he enlisted. Ex parte Mason, 105 U. S. 696, 26 L. Ed. 1213.

It is the judgment of the court that the prisoner be remanded to the custody of the respondent to carry the sentence of the court-martial into effect.