Davis, J.
The defendant in error made application to the court of common pleas of Cuyahoga county for a writ of habeas corpus representing that he was unlawfully restrained of his liberty by the ' sheriff of that county upon the pretext that the relator had used insulting language to one Captain Lock of the Ohio National Guard. The return endorsed on the writ disclosed that the sheriff held the relator under the following • authority: “Cleveland, Ohio, October 27, 1908. To the sheriff of *414 Cuyahoga county. Sir, This is to notify you that William C. Murphy has been sentenced to confinement in the county jail of Cuyahoga county for fifteen days, commencing at noon, October 27th. Frank E. Lock, Captain Fifth Infantry, O. N. G.” Upon the hearing in the common pleas court it appeared from the relator’s own testimony that he was under twenty-one years of age when he enlisted ; that he had served one year and a half without having applied for discharge on account of minority; that he was arraigned before the summary court officer of the regiment and charges read to him and he pleaded-guilty thereto; that he was then detained at the armory until Captain Lock came and told him that he was sentenced to serve fifteen days in the jail and he was then taken to the jail, where he was held until the time of the hearing on the application for a writ of habeas corpus. It also appeared, from the testimony of the relator and of Captain Lock, that the relator was a private soldier in Company F of the Fifth Regiment of Infantry of the Ohio National Guard, of which company Frank E. Lock was the captain; and that the relator as such private had received money from the United States government and had signed government pay-rolls. Upon the facts thus appearing the court of common pleas found that Murphy was not unlawfully restrained of his liberty, and remanded him to the custody of the sheriff. Upon a petition in error filed the same day in the circuit court, that court reversed the judgment of the court of common pleas for error “in refusing to grant the prayer of the petition” and discharged the orisoner.
*415 We think that it clearly appears from this record that Murphy is a soldier of “the organized militia” of the United States, in the National Guard of Ohio, as defined in the Act pf Congress approved January 21, 1903, entitled: “An act to promote the efficiency of the militia, and for other purposes” as amended by the act of May 27, 1908; and that as such soldier he was liable to trial by court martial and punishment under the 20th Article of War of the United States, adopted in Article III, Par. 14, of the Regulations of the Ohio National Guard, which reads as follows: “Any officer or soldier who behaves himself with disrespect toward his commanding officer, shall be punished as a court martial may direct.”.
It has not been made to appear jn this record that there was anything illegal or irregular in the trial, conviction or punishment of this soldier; and if there were, in the view which we take of the status of the defendant in error, we are not of the opinion that the civil courts of this state have any right to review the proceedings of a military court which has proceeded 'within its jurisdiction. It is true that objection was made that the sheriff was detaining the prisoner without the authority of a strictly formal and regular commitment; but it is provided in Section 5726, Revised Statutes, that “if the jurisdiction appear after the writ is allowed, the person shall riot be discharged by reason of any informality or defect in the process, judgment or order.” In the communication from Captain Lock to the sheriff, which the latter produces as his authority for detaining the relator, it appears that the relator was sentenced, which could only be understood to have occurred after a trial and conviction, *416 and it was long ago held by this court that, “A habeas corpus cannot be used as a summary process to review or revise errors or irregularities in the sentence of a court of competent jurisdiction. Imprisonment under a sentence cannot be unlawful unless the sentence is an absolute nullity.” Ex parte Shaw, 7 Ohio St., 81; Ex parte Van Hagan, 25 Ohio St., 426. Nor can it avail anything to the defendant in error that a sheriff is a civil officer and ordinarily acts in that capacity and that when receiving prisoners sentenced by civil courts his authority ordinarily is evidenced by a formal commitment, because in this instance he was acting as the instrument of a military court and in such case a commitment is not necessary. In field service the offender is taken to the guard-house without ceremony or preliminaries. In the absence of a military prison he is delivered to a sheriff or jailer^upon arrangement with the latter.
But inasmuch as it is beyond dispute that the relator, defendant in error, is a soldier of the Ohio National Guard and of “the organized militia” of the United States, that he was charged in a summary court martial with a purely military offense and pleaded guilty thereto, and that he was sentenced therefor in accordance with the military regulations, there can be no doubt that the summary court had jurisdiction of the ‘subject-matter as well as of the person of the offender (Sections 3057, 3058 and 3064, Revised Statutes). When it appears that a military court has jurisdiction over the offense charged and that the offender is a person who is amenable to its jurisdiction, it is well settled that its proceedings cannot be reviewed collaterally upon habeas corpus. The consensus of *417 the cases is very concisely stated by Brewer, J., in In re Grimley, 137 U. S., 150, as follows: “It cannot be doubted that the civil courts may in any case inquire into the jurisdiction of a court martial, and if it appears that the party condemned was not amenable .to its jurisdiction, may discharge him from the sentence. And, on the other hand, it is equally clear that by habeas corpus the civil courts exercise no supervisory or correcting power over the proceedings of a court martial; and that no mere errors in their proceedings are open, to consideration. The single inquiry, the test, is jurisdiction. That being established, the habeas corpus must be denied and the petitoner remanded. That wanting it must be sustained and the petitioner discharged.”
Many other cases hold to this view. We cite only a few of them. Ex parte Mason, 105 U. S., 696; In re Davison, 21 Fed. Rep., 618; Barrett v. Hopkins, 2 M’Crary R., 129; In re Crain, 84 Fed. Rep., 788.
The judgment of the circuit court is reversed and that of the common pleas affirmed.

Reversed.

Crew, C. J., Summers, Spear, Si-iauck 'and Price, JJ., concur