## TULLIDGE v. BIDDLE, Warden.

(Circuit Court of Appeals, Eighth Circuit.
April 3, 1925.)

No. 6709.

1. **Habeas corpus 94—On petition by one held after conviction for offense, jurisdiction of convicting court and power to pronounce sentence involved are only questions presented.**

On petition for habeas corpus by one held in confinement after conviction for an offense, sole questions presented are whether petitioner was convicted by court having jurisdiction of his person and the offense, and whether sentence pronounced was one within power of court.

2. **Army and navy 48—Court-martial may impose sentence of imprisonment at hard labor in cases other than those where death penalty might be imposed under articles for government of navy.**

Articles for Government of Navy, No. 7 (Comp. St. § 2968), providing that naval court-martial may adjudge punishment of imprisonment at hard labor in any case where it is authorized to adjudge the punishment of death, does not preclude a sentence to imprisonment at hard labor in cases where death penalty is not authorized, and one convicted of violation of articles 8, 22 (sections 2969, 2982), was properly sentenced to imprisonment at hard labor for stated term, in view of articles 16, 17, 20, 21 (sections 2976, 2977, 2980, 2981), and those named in Act Aug. 22, 1912. Act March 3, 1893, and particularly articles 50, 51 (Comp. St. §§ 3019, 3020).

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Petition by Edward K. Tullidge for writ of habeas corpus, to be directed to W. I. Biddle, Warden of the United States Penitentiary at Leavenworth, Kan. From an order sustaining a motion to dismiss his petition, petitioner appeals. Order affirmed.

R. D. Barker, of Kansas City, Mo., for appellant.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before STONE and LEWIS, Circuit Judges, and SCOTT, District Judge.

LEWIS, Circuit Judge. This is an appeal from an order sustaining a motion to dismiss appellant's petition for writ of habeas corpus, on the ground that the petition disclosed that petitioner was not entitled to be discharged from custody under the

4 F.(2d)—57

writ, if issued. His confinement in the U. S. Penitentiary at Leavenworth, Kansas, is pursuant to sentence of general court-martial, and came about in this way, as appears from his petition and exhibits thereto:

He was a commissioned officer in the United States Naval Reserve Forces, assigned to and serving on the U. S. S. Birmingham, the flagship of the United States Atlantic Fleet, as assistant surgeon. Two charges were preferred against him, on each of which he was convicted: Charge I. Scandalous conduct tending to the destruction of good morals. Charge II. Conduct to the prejudice of good order and discipline. The trial was had on board the U. S. S. Sacramento. Being found guilty on both charges appellant was sentenced "to be dismissed from the United States Naval Service and to be imprisoned in such prison or penitentiary as the Secretary of the Navy may designate for a period of five (5) years, and to perform hard labor during said confinement." The proceedings, findings and sentence were approved by the President, and the New Hampshire state prison at Concord was designated as the place of confinement in execution of the sentence. After being taken there appellant shortly escaped, was at large for several years, but being later apprehended the Secretary of the Navy designated the U. S. Penitentiary at Leavenworth, Kansas, as the place of confinement for the remainder of the term, which has not been served out.

The first charge is brought under Article 8 of the Articles for the Government of the Navy (Comp. St. § 2969), which reads:

"Such punishment as a court-martial may adjudge may be inflicted on any person in the Navy—First. Who is guilty of profane swearing, falsehood, drunkeness, gambling, fraud, theft, or any other scandalous conduct tending to the destruction of good morals."

A large number of other offenses are defined under this article. The second charge is brought under Article 22 (Comp. St. § 2982), which reads:

"All offenses committed by persons belonging to the Navy which are not specified in the foregoing articles shall be punished as a court-martial may direct."

[1] None of the specifications under either charge are found in the record, but it appears that there were nine under the first charge and two under the second. We are, therefore, not advised as to the particular acts for which appellant was put on trial.

But it is not claimed that either charge did not state an offense within the jurisdiction of the court. We are, of course, concerned only with the question of jurisdiction over the person of appellant and the offenses charged against him, and whether or not the court could impose, under the law, the sentence pronounced. "We all agree, however, that if a writ might issue, there could be no discharge under it if the court-martial had jurisdiction to try the offender for the offense with which he was charged, and the sentence was one which the court could, under 'the law, pronounce. * * * It is enough if the court-martial had jurisdiction to proceed, and what has been done is within the powers of that jurisdiction." Ex parte Mason, 105 U. S. 696, 697, 699, 26 L. Ed. 1213; Carter v. Roberts, 177 U. S. 496, 20 S. Ct. 713, 44 L. Ed. 861; Collins v. McDonald, 258 U. S. 416, 42 S. Ct. 326, 66 L. Ed. 692; Smith v. Whitney, 116 U. S. 167, 182, 183, 6 S. Ct. 570, 29 L. Ed. 601; Frazier v. Anderson (C. C. A.) 2 F.(2d) 36.

[2] The only attack here for our consideration is on the sentence imposed. It is argued that the court exceeded its powers in sentencing appellant to imprisonment in a penitentiary, and in attaching thereto as a part of that sentence that he perform hard labor during his confinement. On both grounds it is claimed that the sentence is void, because in excess of power. That proposition is rested upon a construction which appellant's counsel insists should be given to Article 7 (Comp. St. § 2968), in connection with a consideration of Articles 8 and 22. Article 7 reads:

"A naval court-martial may adjudge the punishment of imprisonment for life, or for a stated term, at hard labor, in any case where it is authorized to adjudge the punishment of death; and such sentences of imprisonment and hard labor may be carried into execution in any prison or penitentiary under the control of the United States, or which the United States may be allowed, by the legislature of any State, to use."

And it is insisted that because the punishment of death cannot be inflicted on convictions under Articles 8 and 22, therefore, according to the terms of Article 7, appellant could not have been sentenced to imprisonment at hard labor. It is at once observed that Article 7 does not provide that offenders who commit offenses other than murder may not be imprisoned in a penitentiary at hard labor. It deals only with punishment for murder. There are not many offenses

named in the Articles which subject an offender to the death penalty. Articles 8 and 22 expressly leave the penalty to the discretion of the court. This is true also as to offenses under Articles 16, 17, 20, and 21 (Comp. St. §§ 2976, 2977, 2980, 2981), and of those named in the Act of August 22, 1912 (37 Stat. 356), and the Act of March 3, 1893 (27 Stat. 716). All of them are punishable at the discretion of the court-martial. It is argued that none of these may be punished by imprisonment in a penitentiary and at hard labor, because none of these Articles subject the offender to capital punishment. We cannot accept the construction contended for. If there were any doubt about the purpose and meaning of Article 7, it is made clear when read in connection with Article 50 (Comp. St. § 3019), which says:

"No person shall be sentenced by a court-martial to suffer death, except by the concurrence of two-thirds of the members present, and in the cases where such punishment is expressly provided in these articles. All other sentences may be determined by a majority of votes."

One Article is the complement of the other, and the two together provide that even though the offense be punishable with death, the death penalty shall not be inflicted except by concurrence of two-thirds of the members of the court, and that on failure to obtain that concurrence the court may impose imprisonment either for life or for a stated term, at hard labor, in such cases. Thus there is discretion as to murder, within the limitations of Article 7. Furthermore, Article 51 (Comp. St. § 3020) confirms the discretion given to the court-martial in fixing punishment in all cases. It reads:

"It shall be the duty of a court-martial, in all cases of conviction, to adjudge a punishment adequate to the nature of the offense." It may be said to be a discretionary court when it comes to 'fixing punishment. Mr. Justice Story's comment in Martin v. Mott, 12 Wheat. 19, 31, 6 L. Ed. 537, seems to the point:

"Whenever a statute gives a discretionary power to any person, to be exercised by him, upon his own opinion of certain facts, it is a sound rule of construction, that the statute constitutes him the sole and exclusive judge of the existence of those facts."

Appellant relies on Ex parte Van Vranken (C. C.) 47 F. 888, in which a construction was given in accordance with his contention; but that ruling was reversed in Mc-

Glensy v. Van Vranken, 163 U. S. 694, 16 S. Ct. 1203, 41 L. Ed. 311. We have no doubt that the court-martial was vested with power, under the Articles, to sentence appellant to imprisonment in a penitentiary for the term which it imposed. It is insisted, however, that even so, "hard labor" should not be added to the sentence. Hard labor, as a part of the punishment, is not excluded from the discretionary power given to the court-martial. In Ex parte Mason, supra, he was convicted on trial before a military court-martial and sentenced to confinement at hard labor in a penitentiary for eight years. His trial was had under the 62d Article of War, which then read thus:

"All crimes not capital, and all disorders and neglects, which officers and soldiers may be guilty of, to the prejudice of good order and military discipline, though not mentioned in the foregoing articles of war, are to be taken cognizance of by a general, or regimental, garrison, or field officers' court-martial, according to the nature and degree of the offense, and punished at the discretion of the court."

Calling attention to the fact that punishment for the offense was left to the discretion of the court, Mason's petition for the writ was denied. We have no doubt that the court-martial was within its jurisdiction in sentencing petitioner to confinement in a penitentiary for five years, and if it be conceded, for the sake of argument, that it was without power to impose the requirement "at hard labor," we are nevertheless convinced that that would not entitle him to be released from confinement. He does not seek relief from that part of the sentence alone, which is, we think, separable from the other part. Mr. Justice Jackson, speaking for the court, in United States v. Pridgeon, 153 U. S. 48, 62, 14 S. Ct. 746, 751, 38 L. Ed. 631, said:

"Without undertaking to review the authorities in this and other courts, we think the principle is established that where a court has jurisdiction of the person and of the offense, the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion of the sentence as may be in excess open to question and attack. In other words, the sound rule is that a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offense, and only void as to the excess when such excess is separable, and may be dealt with without disturbing the valid portion of the sentence."

It is our opinion that the sentence in all respects was within the discretionary power of the court-martial, and that on the face of the petition the writ was properly denied.

Affirmed.