John W. BURNS, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 6208.

United States Court of Appeals
Tenth Circuit.

Dec. 29, 1959.

Alaska in the grade of corporal, petitioner was tried by a court-martial convened in Alaska, and found guilty of the offenses of rape of his eleven-year-old daughter in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920; and of committing an indecent assault upon another female with intent to satisfy his sex desires, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The court-martial imposed a sentence of forty years.

The Board of Review in the Judge Advocate General's office reduced the sentence to thirty years, and as modified affirmed the findings of the convening authority. After the Military Court of Appeals denied review of the Board's decision, United States v. Burns, 6 U.S.C. M.A. 834, the sentence as modified was ordered into execution. After temporary confinement in the United States disciplinary barracks in California, the petitioner was transferred for confinement in the United States penitentiary at Leavenworth, Kansas, whence he sued out this writ.

Petitioner's contentions are: (1) that the court-martial lacked jurisdiction of the person or the offenses; and (2) that the court committed prejudicial error by allowing his wife to testify against him.

It seems unnecessary to restate that the scope of our inquiry in habeas corpus cases of this kind is limited to whether the court-martial had jurisdiction of the person and the offense; and whether in the exercise of that jurisdiction the accused was accorded due process of law as contemplated and vouchsafed by the Uniform Code of Military Justice. And, in the determination of the latter question, we will inquire only whether the competent military tribunal gave full and fair consideration to all the procedural safeguards deemed essential to a fair trial under military law. Bennett v. Davis, 10 Cir., 267 F.2d 15. See also McKinney v. Warden, 10 Cir., 273 F.2d 643.

The petitioner does not contend that the court was improperly constituted. He does seem to contend, however, that the

Roy Cook, Kansas City, Kan., for appellant.

Peter S. Wondolowski, Washington, D. C. (Wilbur G. Leonard, Topeka, Kan., Milton P. Beach, Kansas City, Kan., and Thomas A. Ryan, Washington, D. C., were with him on the brief), for appellee.

Before MURRAH, Chief Judge, BREITENSTEIN, Circuit Judge, and CHRISTENSON, District Judge.

MURRAH, Chief Judge.

This is an appeal from an order of the District Court of Kansas denying application for writ of habeas corpus, in which the appellant challenges the lawfulness of his confinement as a military prisoner.

The facts are that while serving as a soldier in the United States army in

court lacked jurisdiction of the offenses charged, and particularly the charge of rape, relying upon Lee v. Madigan, 358 U.S. 228, 79 S.Ct. 276, 3 L.Ed.2d 260. But that case involved charges brought under Article of War 92, which, prior to the adoption of the Uniform Code of Military Justice (64 Stat. 108, 10 U.S.C. § 801 et seq., enacted May 5, 1950) governed trials for murder or rape before courts-martial. Article 92 contained a proviso that "no person shall be tried by courts-martial for murder or rape committed within the geographical limits of the States of the Union and the District of Columbia in time of peace." But the comparable Section 120 of the Uniform Code contains no such proviso. And, Article 2 of the Uniform Code, 10 U.S.C. § 802, provides that all persons who are "members of a regular component of the armed forces * * *" are subject to the Uniform Code of Military Justice; and, Article 5, 10 U.S.C. § 805, provides that the Code "applies in all places."

Admittedly, the petitioner was a member of the armed forces at the time of the commission of the alleged offenses, and the Uniform Code, not Article 92, was in force and effect. The power of Congress to dispense with civil trials in cases of this kind cannot be denied. Whelchel v. McDonald, 340 U.S. 122, 71 S.Ct. 146, 95 L.Ed. 141.

Relying on Hawkins v. United States, 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed. 2d 125, the trial court was of the opinion that it was error to permit the petitioner's wife to testify against him over his objection. But the court did not think the error was so "glaring and persistent" as to constitute a denial of due process and thus deprive the court-martial of jurisdiction of the offense. Both the court-martial and the Military Court of Appeals undoubtedly gave full and fair consideration to the question of the admissibility of the testimony. The case was tried and decided in the military tribunals before Hawkins, and it may well be that in the light of that case, the tribunals would now hold the wife's testimony reversibly inadmissible. But

even so, we cannot say that the admission of the testimony before Hawkins was so palpably erroneous and prejudicial as to destroy the jurisdiction of the military tribunals. Cf. Whelchel v. McDonald, supra.

The judgment is affirmed.