Frederick OWENS, Jr., Petitioner

v.

T. Wade MARKLEY, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent.

No. TH 60–C–53.

United States District Court
S. D. Indiana,
Terre Haute Division.

Sept. 1, 1960.

United States of America, within the geographic limits of the United States, he was charged, tried and convicted by a military court-martial of a capital offense, to-wit: rape, in violation of Article 120, Uniform Code of Military Justice (64 Stat. 108), 10 U.S.C. § 801 et seq., enacted May 5, 1950, and sentenced to fifteen years imprisonment. He is presently confined by respondent at the United States Penitentiary, Terre Haute, Indiana.

Petitioner alleges further that on or about May 15, 1955, the date of said capital offense, the United States of America was at peace, and not "in time of War or public danger" within the meaning of the Fifth Amendment to the United States Constitution. Thus, petitioner argues that the court-martial before which he was tried was without constitutional or statutory jurisdiction to hold a trial and convict him of said capital offense. Petitioner claims he was deprived of his constitutional rights, privileges and protections afforded by the Fifth and Sixth Amendments of the United States Constitution, i. e., indictment of a grand jury and trial by jury.

The Fifth Amendment of the Constitution provides:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or the Militia, when in actual service *in time of War or public danger*; * * *" (Emphasis added.)

The pertinent part of the Sixth Amendment of which petitioner claims he was deprived, provides:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury * * *".

Respondent has filed a motion to dismiss on the ground that the Uniform Code of Military Justice applies in all places, and that the petitioner cannot seriously contend that the Uniform Code

Frederick Owens, Jr., pro se.

Don A. Tabbert, U. S. Atty., Indianapolis, Ind., for respondent.

STECKLER, Chief Judge.

This is a petition for writ of habeas corpus. Petitioner alleges that on or about May 15, 1955, while serving in actual service of the armed forces of the

of Military Justice is unconstitutional in view of Article 1, Section 8 of the Constitution.

There is no doubt that the Uniform Code of Military Justice has extended the jurisdiction of courts-martial to include the crime of rape wherever committed in time of peace. Article 120 (10 U.S.C. § 920) defines the crime of rape; Article 2 (10 U.S.C. § 802) provides that members of the armed forces are subject to Article 120; Article 5 (10 U.S.C. § 805) provides that the Code applies in all places; and Article 14 (10 U.S.C. § 814) which provides for the release of members of the armed forces to civil authorities, is now permissive only. See Burns v. Taylor, 10 Cir., 1959, 274 F.2d 141; 1950 U.S.Code Cong.Service, pp. 2222, 2231, 2233.

Petitioner posits his main argument upon the construction and applicability of the language in the Fifth Amendment, "when in actual service in time of War or public danger," and bases his case upon the authorities cited in Lee v. Madigan, 1959, 358 U.S. 228, 79 S.Ct. 276, 3 L.Ed.2d 260.

The Lee case is not in point, for it involved charges brought under Article of War 92, which, prior to the adoption of the Uniform Code of Military Justice, governed trials for murder or rape before courts-martial. Article 92 specifically contained the proviso that "no person shall be tried by courts-martial for murder or rape committed within the geographical limits of the States of the Union and the District of Columbia *in time of peace*." (Emphasis added.) The Uniform Code contains no such provision.

Admittedly the offense with which the petitioner was charged was committed when the petitioner was in actual service of the armed forces of the United States.

In Ex parte Mason, 1881, 105 U.S. 696, 26 L.Ed. 1213, the Supreme Court, citing Dynes v. Hoover, 20 How. 65, 15 L.Ed. 838, stated: "The limitation as to 'actual service in time of war or public danger' relates only to the militia." In

the case of Johnson v. Sayre, 1894, 158 U.S. 109, 15 S.Ct. 773, 39 L.Ed. 914, again the Court construed the language, "when in actual service in time of war or public danger," and concluded that it did not refer to the phrase "in the land or naval forces," but merely to the last antecedent, "or in the militia." The court conceded that it is grammatically possible to construe the language "when in actual service in time of war or public danger" to refer not merely to the last antecedent, "or in the militia," but also to the previous phrase, "in the land or naval forces," but stated that such a construction is opposed to the evident meaning of the provision, taken by itself, and still more so, when it is considered together with the other provisions of the Constitution. It was pointed out that the whole purpose of the provision in question is to prevent persons, not subject to the military law, from being held to answer for a capital or otherwise infamous crime, without presentment or indictment by a grand jury. The court stated, 158 U.S. at page 114, 15 S.Ct. at page 775,

"All persons in the military or naval service of the United States are subject to the military law, the members of the regular army and navy, *at all times*; the militia, so long as they are in such service." (Emphasis added.)

The court stated further,

"The necessary construction is that the words, in this amendment, 'when in actual service in time of war or public danger,' like the corresponding words, in the first article of the constitution, 'call[ed] forth to execute the laws of the Union, suppress insurrections and repel invasions,' and 'employed in the service of the United States,' and those, in the second article, 'when called into the actual service of the United States,' apply to the militia only."

In concluding its interpretation of the language in question, the court observed:

"This construction has hitherto been considered so plain and indisputable that it has been constantly assumed and acted on by this court, without discussion." Citing Dynes v. Hoover, 20 How. 65, 15 L.Ed. 838; Ex parte Reed, 100 U.S. 13, 25 L.Ed. 538; Ex parte Mason, 105 U.S. 696, 26 L.Ed. 1213; Kurtz v. Moffitt, 115 U.S. 487, 500, 6 S.Ct. 148, 29 L.Ed. 458; Smith v. Whitney, 116 U.S. 167, 186, 6 S.Ct. 570, 29 L.Ed. 601. See also 1 Kent Com. 341, note; Miller on the Constitution, 506, 507; In re Bogart, Fed. Cas.No.1,596, 2 Sawy. 396; 12 Ops. Attys.Gen. 510.

By Article 1, Section 8 of the Constitution, the power of Congress to enact the Uniform Code of Military Justice is explicit. And, it is clear that the framers of the Constitution recognized the vital difference between the Army and the Navy on the one hand, and the Militia on the other. Though it is hardly necessary to define the term "militia," aside from its present statutory definitions, "Militia," as used in the Constitution, is a body of citizens enrolled for military discipline, and comprises all males physically capable of acting in concert for the common defense. And at the time of the framing of the Constitution, the debates in the Convention, the history and legislation of the Colonies and States, and the writings of approved commentators show it was intended that ordinarily when called for service, the militiamen were expected to appear bearing arms supplied by themselves and of the kind in common use at the time. United States v. Miller, 1939, 307 U.S. 174, 179, 59 S.Ct. 816, 83 L.Ed. 1206.

The petitioner in the case at bar makes no claim that he comes within the militia exception in the Fifth Amendment.

In view of the Fifth Amendment as judicially interpreted, and as it applies in this case, the court-martial had jurisdiction to act as it did.

As to the petitioner's right to a trial by jury under the Sixth Amendment, the power of Congress to dispense with civil trials in cases of this kind cannot be denied. Burns v. Taylor, supra, and cases cited therein. Thus it is obvious that the petitioner's petition for writ of habeas corpus on its face shows that he is entitled to no relief. Accordingly the respondent's motion to dismiss is sustained.