Wyatt JENNINGS, Petitioner,

v.

T. Wade MARKLEY, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent.

No. TH 60–C–61.

United States District Court
S. D. Indiana,
Terre Haute Division.

Sept. 19, 1960.

No attorney for petitioner.

Phil Melangton, Jr., Asst. U. S. Atty., for respondent.

STECKLER, Chief Judge.

This is an action for writ of habeas corpus. Petitioner alleges that he is being unlawfully restrained and confined in the United States Penitentiary, Terre Haute, Indiana, and he states "that the cause or pretense of such restraint, according to the best knowledge and belief of your petitioner is a conviction by a Military Court-Martial Board."

In support of the contention that he is illegally restrained, he relies upon the following allegations:

(1) that he was tried by a military Court-Martial Board for murder in time of peace;

(2) that he was tried by the United States Army illegally when he was serving with the United Nations Forces;

(3) that he should have been tried by the United Nations Military Staff Committee or the International Court of Justice for a Capital Crime;

(4) that he was in the geographical limits of the United States with the U. N. Forces and should have been tried by a Civil Court instead of a U. S. Army Court;

(5) that his constitutional rights under the Fifth, Sixth and Fourteenth Amendments were violated when the U. S. Army tried him.

Petitioner alleges that he was drafted into the army in December of 1944, was discharged and enlisted in the regular army in November, 1945, and re-enlisted in December, 1948. He states he was sent to Japan in March, 1946 and entered Korea in 1950. On June 5, 1951, petitioner was arrested and charged with murder and assault with intent to do bodily harm. On August 26, 1951, he was found guilty and sentenced to confinement at hard labor for a period of thirty years.

From the foregoing it is apparent that the petitioner relies principally on the ground of lack of jurisdiction on the part of the court-martial to try him for the offenses with which he was charged. It is argued in the petition that the Republic of Korea was invaded on June 25, 1950, and that the United Nations Security Council demanded cessation of hostilities and withdrawal to the Thirty-eighth Parallel; that on June 27, 1950, the Security Council asked the members of the United Nations to help carry out its demands; that President Truman ordered General Douglas MacArthur to aid South Korea and that the United Nations Forces requested the United States President to name a commander of the United Nations Forces, and that the President designated General Douglas MacArthur on July 8, 1950. Petitioner states that the United States Armed Forces entered the conflict on June 30, 1950, "under the banner of the United Nations."

■ It is significant to note that although the petitioner states in his argument that he was in the service of the United States Army, he was *"under the jurisdiction of the United Nations,"* and that the United Nations had facilities available to bring to trial anyone under its jurisdiction committing a capital offense. Petitioner cites Chapter V, Articles 26 and 29, and Chapter VI, Article 36, ¶ 3 of the United Nations Charter. Other articles of the Charter are cited in support of petitioner's contentions, however the court will not elaborate thereon. Suffice it to say, that the United States in supporting the United Nations in its effort to restore peace and security in Korea was acting as a nation through the use of its armed forces. The President's Message to Congress, 1950 U.S.Code Congressional Service, pp. 1380–1388.

Article 47 of the Multilateral Charter of United Nations provides for the establishment of a Military Staff Committee to advise and assist the Security Council on all questions relating to the Security Council's maintenance of international peace and security, the employment and command of forces placed at its disposal, and regulation of armaments and possible disarmament. By this Article the Military Staff Committee is responsible under the Security Council for the strategic direction of any armed forces placed at the disposal of the Security Council. The command of such forces was left to subsequent action of the Security Council.

■ The petitioner's theory that he was under the jurisdiction of the United Nations while serving in the armed forces of the United States in the Korean conflict is completely devoid of merit. There is nothing in the Charter of the United Nations from which to conclude that a member of the armed forces of a member nation does not retain his status as a soldier in the army of the respective member nation. As a member of the United States Army, the petitioner, whether being led under the flag of

the United States, or the United Nations, nevertheless remained subject to the immediate control and jurisdiction of the United States Army.

The respondent's untraversed verified return to the order to show cause why the writ of habeas corpus should not be issued, shows that the petitioner was duly convicted by a general court-martial convened in Korea on August 24 and 26, 1951, and that he was convicted of one offense of unpremeditated murder of a Korean boy on June 5, 1951, in violation of Article 118, Uniform Code of Military Justice [10 U.S.C. § 918], and one offense of assault upon a child under the age of sixteen years in violation of Article 134 of the Code [10 U.S.C. § 934]. The return shows that the offenses were committed in Korea where the petitioner was serving as a soldier with the 539th Transportation Truck Company stationed in Korea. The return also shows that after a thorough and complete review of the record of trial by his Staff Judge Advocate, the convening authority approved the findings of guilty and the sentence. The convening authority then forwarded the record of trial to the office of the Judge Advocate General of the Army for review by a Board of Review. On military appellate review, the findings of guilty and the sentence were found to be correct in law and fact. Thus the military appeal review of the case having been completed and the provisions of Article 71(c) of the Code [10 U.S.C. § 871(c)] having been complied with, the sentence was ordered into execution.

On June 30, 1958, the Secretary of the Army acting under the clemency power vested in him under the provisions of Article 74(a), Uniform Code of Military Justice [10 U.S.C. § 874(a)], reduced the sentence of confinement to twenty-seven years. Thereafter, on October 28, 1959, the Secretary of the Army again acting under the same clemency powers, further reduced the sentence to twenty-five years.

■■ The Uniform Code of Military Justice applies in all places, and the Code includes the offenses with which the petitioner was charged. 10 U.S.C. §§ 918, 934, supra. Article 14 [10 U.S.C. § 814], which provides for the release of members of the armed forces to civil authorities, is now permissive only. See Burns v. Taylor, 10 Cir., 1959, 274 F.2d 141; 1950 U.S.Code Congressional Service, pp. 2222, 2231, 2233.

■ That the petitioner was tried by a military court-martial for murder and assault in time of peace makes no difference. His reliance upon Lee v. Madigan, 1959, 358 U.S. 228, 79 S.Ct. 276, 277, 3 L.Ed.2d 260, is misplaced. That case is not in point. It involved charges brought under Article of War 92, which, prior to the adoption of the Uniform Code of Military Justice, governed trials for murder or rape before courts-martial. Article 92 specifically contained the proviso that "no person shall be tried by court-martial for murder or rape committed within the geographical limits of the States of the Union and the District of Columbia *in time of peace.*" (Emphasis added.) The Uniform Code contains no such provision.

In Ex parte Mason, 1881, 105 U.S. 696, 26 L.Ed. 1213, the Supreme Court, in construing the language of the Fifth Amendment, cited Dynes v. Hoover, 20 How. 65, 15 L.Ed. 838, and stated: "The limitation as to 'actual service in time of war or public danger' relates only to the militia." See also Johnson v. Sayre, 1894, 158 U.S. 109, 15 S.Ct. 773, 39 L.Ed. 914. The petitioner in the case at bar makes no claim that he comes within the militia exception in the Fifth Amendment.

■ As to the petitioner's right to a trial by jury under the Sixth Amendment, and the deprivation of due process of law under the Fourteenth Amendment, the power of Congress to dispense with civil trials in cases of this kind cannot be denied. Burns v. Taylor, supra, and cases cited therein.

Since admittedly the petitioner was a member of the armed forces of the Unit-

ed States at the time of the commission of the offenses, his petition for writ of habeas corpus is without merit. There is no need for a hearing in this matter.

Accordingly, the petition for writ of habeas corpus must be and the same is hereby denied.