**Wyatt JENNINGS, Petitioner-Appellant,**

v.

**T. Wade MARKLEY, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent-Appellee.**

No. 13199.

United States Court of Appeals
Seventh Circuit.

June 7, 1961.

———◆———

Wyatt Jennings, pro se.

Major James C. Waller, Jr., Judge Advocate General's Office, Department of Army, Pentagon, Washington, D. C., Don A. Tabbert, U. S. Atty., Indianapolis, Ind., Philip R. Melangton, Jr., Asst. U. S. Atty., Indianapolis, Ind., Thomas A. Ryan, Lieutenant Colonel, JAGC, Office of Judge Advocate General, Department of the Army, Washington, D. C., for appellee.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Wyatt Jennings, petitioner, has appealed from an order of the district court dismissing his petition for writ of habeas corpus, to which T. Wade Markley, warden of the United States penitentiary, Terre Haute, Indiana, respondent, had filed a return which was untraversed. The record shows that the return contained a full recital of the proceedings which resulted in petitioner's incarceration in said penitentiary.

It appears that petitioner was enlisted in the regular army of the United States and was serving in Korea. He was tried by a United States military court-martial for murder and assault in time of peace and, his conviction and sentence to confinement at hard labor for 30 years having been approved upon review in the manner provided by the law of the United States, and the provisions of Article 71(c) of the Uniform Code of Military Justice, 10 U.S.C.A. § 871(c), having been complied with, the sentence was ordered into execution.

Petitioner attacks the jurisdiction of the court-martial to try him for the offenses for which he was charged, because "he was assigned to the United Nations force" and his case should have been referred "to the International Court of Justice", the "Republic of Korea was a Sovereign State" and the "Civil Court of Korea was open for Capital Crimes", and the "United States Army * * * could not supersede the jurisdiction of the Sovereign of Korea on Agreements under the United Nations Charter".

We have carefully considered petitioner's arguments and we believe they have been fully answered by the learned opinion of the district judge, Jennings v. Markley, D.C., 186 F.Supp. 611. We adopt the reasoning of that opinion and reject petitioner's contentions as unsound.

Accordingly we affirm the order of the district court.

Affirmed