James F. O'CALLAHAN

v.

**CHIEF UNITED STATES MARSHAL,**
District of Massachusetts, Boston, Massachusetts and the Department of the Army, United States Army, Washington, D. C.

Misc. Civ. No. 66–8.

United States District Court
D. Massachusetts.

Feb. 23, 1966.

James F. O'Callahan, pro se.

W. Arthur Garrity, Jr., U. S. Atty., Boston, Mass., for defendant.

## OPINION

WYZANSKI, Chief Judge.

In his petition for a writ of habeas corpus, O'Callahan alleges he is held in custody by the United States Marshal of this District, pursuant to a warrant issued for petitioner's return as a violator of his release on parole from imprisonment under military sentences imposed on October 11, 1956 in the then Territory of Hawaii by a General Courts-Martial.

The offenses for which the sentence was imposed were assault with intent to rape, housebreaking with intent to commit rape, and attempted rape, in violation of, respectively, §§ 880, 930, and 934 of Title 10 U.S.C. Those offenses were committed, and petitioner was tried and sentenced, in Hawaii while petitioner was on active duty as a sergeant in the United States Army. However, the offenses were committed while petitioner was off duty and away from his base.

Petitioner's entire case is premised on his contention that his trial and

the sentences imposed on him deny his rights under U.S. Constitution Art. III § 2, Art. V, and Am. V and VI, inasmuch as, according to his claim, "an offense committed while the perpetrator is off-base and off-duty, having no relation to the military other than [t]hat he was at the time a member thereof" is not a case "arising in the land forces" and hence not subject to trial by a court-martial, but only by a non-military United States Court or other federal or state court exercising normal criminal jurisdiction over civilians.

There is no merit in plaintiff's position, which conflicts with an unbroken line of contrary authority.

 Under the Uniform Code of Military Justice, 64 Stat. 108, 10 U.S.C. (Supp. V) § 801 enacted May 5, 1950, Congress gave courts-martial jurisdiction over capital crimes, as well as lesser crimes, committed in this country in time of peace as well as in time of war. See §§ 918 and 920. There is no reason to doubt that the statutory authorization to courts-martial is well within the constitutional powers of the legislature. Ex parte Mason, 105 U.S. 696, 26 L.Ed. 1213; Kahn v. Anderson, 255 U.S. 1, 41 S.Ct. 224, 65 L.Ed. 469; cf. Ex parte Quirin, 317 U.S. 1, 40, 43, 63 S.Ct. 2, 87 L.Ed. 3, and Lee v. Madigan, 358 U.S. 228, 79 S.Ct. 276, 3 L.Ed.2d 260. The Constitution, especially the Fifth Amendment, gives Congress power to confer upon courts-martial jurisdiction to try and to punish persons in the armed forces for acts which, whether they be criminal or not, tend to bring disgrace and reproach upon the service of which they are members. It makes no difference whether those acts were done in the performance of military duties or in a civil position, or in a social relationship, or in private business. Swaim v. United States, 165 U.S. 553, 562, 17 S.Ct. 448, 41 L.Ed. 823; Smith v. Whitney, 116 U.S. 167, 183–184, 6 S. Ct. 570, 29 L.Ed. 601. Indeed, it is only because, undeniably, the rule is so broad with respect to persons in the military service, that there was any reason to consider in United States ex rel. Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, 100 L. Ed. 8 whether courts-martial jurisdiction extended to an ex-serviceman who had been honorably discharged from the United States Air Force, or in Reid v. Covert, 354 U.S. 1, 77 S.Ct. 1222, 1 L. Ed.2d 1148, and Kinsella v. United States ex rel. Singleton, 361 U.S. 234, 80 S.Ct. 297, 4 L.Ed.2d 268 whether the Uniform Code of Military Justice could constitutionally be applied to persons not in the military service but accompanying the armed forces.

Petition for habeas corpus denied.