# MULLAN v. UNITED STATES.

## APPEAL FROM THE COURT OF CLAIMS.

No. 82.   Argued January 20, 1909.—Decided February 23, 1909.

A commissioned officer in the Navy can waive the provisions of art. 60 of § 1624, Rev. Stat., and allow proceedings of a court of inquiry to be evidence on a court-martial the sentence of which may extend to his dismissal; *Schick* v. *United States*, 195 U. S. 65; and, where, at the request of such an officer, the Secretary of the Navy convenes a court-martial to try him on matter which had already been the subject of a court of inquiry, on condition that the proceedings of such court of inquiry be evidence, each party having the privilege, however, of introducing other evidence, the accused is not deprived of any substantial right so that the sentence of the court-martial is invalidated.

Reduction by the President of the United States of the dismissal of an officer of the Navy from the service to reduction to one-half sea pay for five years is a mitigation of the sentence within the meaning of art. 54 of § 1624, Rev. Stat. *Quære,* whether art. 54 of § 1624 applies to the action of the President.

Civil courts are not courts of error to review sentences of legally or-

ganized courts-martial having jurisdiction of the person of the accused and of the offense.

42 Ct. Cl. 157, affirmed.

THE facts are stated in the opinion.

*Mr. W. E. Richardson,* with whom *Mr. J. H. Ralston* and *Mr. F. L. Siddons* were on the brief, for appellant.

*Mr. John Q. Thompson,* with whom *Mr. George M. Anderson* was on the brief, for appellee.

MR. JUSTICE DAY delivered the opinion of the court.

This appeal is prosecuted to reverse the judgment of the Court of Claims dismissing the petition of Dennis W. Mullan, appellant. Full findings of facts were made in the Court of Claims, and upon consideration the claim of the petitioner was dismissed. 42 Ct. of Cl. 157. From the findings of fact made by the court it appears that Dennis W. Mullan was a commander, serving as commandant, at the navy yard at Pensacola, where he served from July 30, 1896, till March 7, 1897. Charges having been preferred against him, at his request a court of inquiry was convened to investigate them. The court of inquiry, after a full investigation and trial, reported adversely to the appellant. At that time he was subject to examination for promotion to the grade of captain, and unless he could acquit himself of the charges preferred he would be liable under § 1447 of the Revised Statutes of the United States (act of August 5, 1882, c. 391, 22 Stat. 286) to be discharged from the service without more than one year's pay. In this condition of affairs the appellant made application to the Secretary of the Navy for a court-martial to try him upon the charges to be formulated from the findings of the court of inquiry. Correspondence ensued between the Secretary of the Navy and the appellant, fully set forth in the report of this case in the Court of Claims. 42 Ct. Cl. 159 *et seq.* The Secretary of the Navy, in answer to appellant's request, proposed to call a court-martial

at Washington for trial upon such charges as the Department might designate, provided the record of the court of inquiry should be admitted as evidence, each party to have the privilege of introducing other evidence. The appellant advised the Secretary that he would agree to such court-martial, it being understood that the privilege of introducing other witnesses should embrace the right to recall witnesses who had previously testified before the court of inquiry, and to take depositions upon written interrogatories. The Secretary of the Navy refused to permit the recalling of witnesses who had testified before the court of inquiry, or to permit testimony to be taken by interrogatories, but permitted the calling of other witnesses. Thereupon the appellant notified the Department that he acceded to the conditions stated in the Secretary's letter. The court-martial was ordered by the Secretary of the Navy to try the appellant upon the charges of drunkenness and drunkenness on duty. The evidence submitted at the court-martial consisted of the records of the court of inquiry, together with one witness called in addition thereto. The court-martial found the appellant guilty of both charges and sentenced him to be dismissed from the Navy; on June 30, 1897, the Secretary of the Navy approved this sentence. The same was submitted to the President, who, on July 8, 1897, made the following order in the premises.

"The sentence in the foregoing case of Commander Dennis W. Mullan, U. S. Navy, is confirmed, but is mitigated as follows: To be reduced in rank, so that his name shall be placed at the foot of the list of commanders in the Navy, and to be suspended from rank and duty, on one-half sea pay, for a period of five years, during which time he shall retain his place at the foot of said list."

The appellant protested against the legality of the proceedings. At the trial before the court-martial no objection was offered by the appellant or his attorneys to the introduction of the evidence. On July 11, 1901, the unexpired period of the sentence was remitted by order of the President. The suit was

begun in the Court of Claims to recover the difference between "one-half sea pay" and "waiting orders pay," from July 8, 1897, when the President's order was made, as above recited, and July 11, 1901, when the President remitted the unexpired period of the sentence, the amount claimed being the sum of $3,934.14.

It is contended by the appellant that the proceedings of the court-martial are null and void because of the manner in which that court was convened, upon requirement as a condition precedent that the appellant should submit to the introduction of the record of the testimony introduced before the court of inquiry, with the right to call additional witnesses, as hereinbefore stated. This contention is based upon art. 60 of § 1624 of the Revised Statutes, which provides as follows:

"ART. 60. The proceedings of courts of inquiry shall be authenticated by the signature of the president of the court and of the judge advocate, and shall, in all cases not capital, nor extending to the dismissal of a commissioned or warrant officer, be evidence before a court-martial, provided oral testimony cannot be obtained."

. It is contended that inasmuch as this case did not come within the statutory provisions permitting the evidence before a court-martial to be used, as such right is limited to cases not extending to the dismissal of a commissioned or warrant officer, and a capital case, the court-martial was not properly organized, and its proceedings were null and void. It is insisted that this provision of the law is to enable the accused, in cases of this character, to meet his witnesses face to face, and is analogous to the constitutional right in criminal cases; and, being an enactment for the benefit of the service and the protection of those engaged therein, the appellant could not waive its provisions. But we are of opinion that this was a right which he might waive. In Schick v. United States, 195 U. S. 65, it was held that a party might, in the case then before the court, waive the right to a trial by jury, and in the course of the opinion Mr. Justice Brewer, speaking for the court, said (p. 71):

"Article six of the amendments, as we have seen, gives the accused a right to a trial by jury. But the same article gives him the further right to be confronted with the witnesses against him, and to have the assistance of counsel. Is it possible that an accused cannot admit and be bound by the admission that a witness not present would testify to certain facts? Can it be that if he does not wish the assistance of counsel, and waives it, the trial is invalid? It seems only necessary to ask these questions to answer them. When there is no constitutional nor statutory mandate, and no public policy prohibiting, an accused may waive any privilege which he is given the right to enjoy."

The Secretary of the Navy was under no legal obligation to call a court-martial to inquire into the charges made against the accused. The court of inquiry was invoked, as was the court-martial, at the instance of the appellant. He had had a full trial before the court of inquiry, in which the record disclosed a large number of witnesses were called; he was represented by counsel; he was present in person; he had a full opportunity to cross-examine the witnesses and to make a defense. At the court-martial he was permitted to introduce additional witnesses, and had the benefit of one witness whose testimony was in his favor. We think there was nothing in the manner in which the court-martial was organized which deprived the accused of a substantial right in such manner as to oust its jurisdiction in the premises. The civil courts are not courts of error to review the proceedings and sentences of courts-martial where they are legally organized and have jurisdiction of the offense and of the person of the accused, and have complied with the statutory requirements governing their proceedings. *Dynes* v. *Hoover*, 20 How. 65; *Ex parte Reed*, 100 U. S. 13; *Swaim* v. *United States*, 165 U. S. 553.

It is contended that the order of July 18, 1897, in which the President undertook to mitigate the sentence of the appellant, dismissal from the Navy, to reduction to one-half sea pay for the period of five years, with reduction in rank and suspension

as stated, was illegal and unauthorized, because of art. 54, § 1624, of the Revised Statutes of the United States, which provides:

"Every officer who is authorized to convene a general court-martial shall have power, on revision of its proceedings, to remit or mitigate, but not to commute, the sentence of any such court which he is authorized to approve and confirm."

The Court of Claims was of opinion that this section did not apply to the action of the President of the United States. If it be conceded for this purpose that it is applicable to the President (§ 1624, arts. 38 and 53 of the Rev. Stats.), we are of the opinion that the President's action did, in fact, mitigate the previous sentence of the court-martial as approved by the Secretary of the Navy. It may be conceded that there is a technical difference between the commutation of a sentence and the mitigation thereof. The first is a change of a punishment to which a person has been condemned into one less severe, substituting a less for a greater punishment by authority of law. To mitigate a sentence is to reduce or lessen the amount of the penalty or punishment. Bouvier's Law Dictionary, vol. 1, 374; Ib. vol. 2, 428.

When the President otherwise confirmed the sentence of the Navy Department from absolute discharge from the Navy to reduction in rank and duty for the period of five years on one-half sea pay, he did what in terms he undertook to do, and by the lessening of the severe penalty of dismissal from the Navy, approved by the department, reduced and diminished, and therefore mitigated, the sentence which he was authorized to approve and confirm against the appellant, or mitigate in his favor.

*Judgment affirmed.*