## Ex parte TUCKER.

### (District Court, D. Massachusetts. January 21, 1913.)

### No. 725.

**1. ARMY AND NAVY (§ 47\*)—COURTS-MARTIAL—REVIEW.**
Civil courts have no appellate jurisdiction to review the proceedings of courts-martial.
[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 93–95; Dec. Dig. § 47.\*]

**2. ARMY AND NAVY (§ 47\*)—COURTS-MARTIAL—REVIEW BY CIVIL COURTS.**
Civil courts will not interfere with the judgments of courts-martial, if it appears that they have jurisdiction of the person and subject-matter.
[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 93–95; Dec. Dig. § 47.\*]

**3. ARMY AND NAVY (§ 47\*)—COURTS-MARTIAL—REVIEW BY CIVIL COURTS.**
Errors of procedure in military courts can be corrected only by the proper military authorities.
[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 93–95; Dec. Dig. § 47.\*]

**4. HABEAS CORPUS (§ 30\*)—RIGHT TO RELIEF—COURTS-MARTIAL—ERRORS OF PROCEDURE.**
That a court-martial trying a naval officer permitted the judge advocate to be present for a short time during a closed session of the court, in express violation of Act July 27, 1892, c. 272, § 2, 27 Stat. 277 (U. S. Comp. St. 1901, p. 965), though a disregard of the defendant's legal rights, was nevertheless an error in procedure only, and was therefore not ground for a writ of habeas corpus.
[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25; Dec. Dig. § 30.\*]

Petition by William J. Kelly for a writ of habeas corpus on behalf of Henry Tucker. Petition denied.

Kelley & Sheenan, of Boston, Mass., for petitioner.

William H. Garland, Asst. U. S. Atty., of Boston, Mass., for respondent.

MORTON, District Judge. This is a petition for a writ of habeas corpus, brought by Mr. Kelly on behalf of Tucker, who is now im-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

prisoned under sentence of a naval court-martial. The respondent, Frank W. Kellogg, is a captain in the United States navy, in command of the receiving ship North Carolina at the Boston Navy Yard. On the filing of the petition, an order of notice issued to show cause why the petition should not be granted. The respondent filed an answer, and there was a hearing before me, at which the following material facts appeared:

Tucker was duly enlisted in the United States navy and was a petty officer therein. Charges of scandalous conduct tending to the destruction of good morals were preferred against him, and by order of the Secretary of the Navy a court-martial was duly convened for the trial of said charges. It is admitted by the petitioner that the court-martial was regularly organized in accordance with law and that it had jurisdiction both of Tucker and of the charges preferred against him. It found Tucker guilty and imposed a sentence of three years in prison, to be followed by dishonorable discharge and forfeiture of pay. The sentence was duly approved by the Secretary of the Navy, who designated the New Hampshire state prison, at Concord, N. H., as the place of confinement. Pending the removal of Tucker in execution of the sentence, this petition was brought.

The only complaint which the petitioner makes against the court-martial is that, in violation of chapter 272 of the Acts of Congress of the year 1892, the judge advocate of the court-martial was allowed to be present for a short time during a closed session of the court-martial. This is explicitly forbidden by the act referred to, and the petitioner contends that, by reason of the court-martial's disregard of the statute law, Tucker has not been properly tried, and that the sentence is illegally imposed upon him.

[1-4] It is clear that the civil courts are in no sense appellate tribunals for the revision of proceedings in courts-martial. It has been decided that in such cases the civil courts should not interfere if it appears that the court-martial had jurisdiction of the person and of the subject-matter which was tried before it, and that errors in procedure in military courts can be corrected only by the proper military authorities. In re Grimley, Pet'r, 137 U. S. 147, 150, 11 Sup. Ct. 54, 34 L. Ed. 636; Ex parte Reed, 100 U. S. 13, 23, 25 L. Ed. 538. It is true that Tucker's legal rights were disregarded by the court-martial when it allowed the judge advocate to be present, even for a short time, at the closed session; but I do not think it is the business of this court to correct the error. The statute in question relates to procedure, not to jurisdiction, and the nonobservance of it by military tribunals is a matter for the revising military authorities, not for the civil courts.

The petition is denied, but without costs.