## CROUCH v. UNITED STATES et al.

(Circuit Court of Appeals, Ninth Circuit. June 14, 1926.)

No. 4751.

**1. Army and navy ⬤⇒44(1)—General court-martial held to have jurisdiction to try soldier for violations of Articles of War charged (Articles of War 2, 12, 96 [Comp. St. § 2308a]).**

General court-martial *held* to have jurisdiction under second and twelfth Articles of War (Comp. St. § 2308a) to try soldier charged under Ninety-Sixth Article of War, with having violated a statute of the territory of Hawaii denouncing as a misdemeanor the organizing, forming, maintaining, and joining an unlicensed secret association, and with conduct prejudicial to good order and military discipline of a nature to bring discredit on the military service, within the meaning of article 96, irrespective of whether Hawaii statute applied within mili-

tary reservation, in view of Penal Code, § 289 (Comp. St. § 10462).

**2. Army and navy ⊂⇒49—Proceedings of court-martial are not reviewable in other courts, except on showing that court-martial was not properly constituted, or was without jurisdiction of person or subject-matter, or exceeded its power.**

Though court-martial is a court of special and limited jurisdiction, its proceedings, when confirmed as provided by law, are not open to review in other courts, except on affirmative showing that court-martial was not properly constituted, or was without jurisdiction of person or subject-matter, or exceeded its power in the judgment rendered.

**3. Army and navy ⊂⇒49—Civil courts are not courts of error to review proceedings and sentences of legally organized courts-martial.**

Civil courts are not courts of error to review proceedings and sentences of legally organized courts-martial, which have jurisdiction of person of accused and offense charged, and have complied with statutory requirements governing their proceedings.

**4. Army and navy ⊂⇒47.**

Court-martial can impose only a single sentence, which is not vitiated by reviewing court's disapproval of one of specifications.

**5. Habeas corpus ⊂⇒83—Denial of leave to traverse return held not abuse of discretion, where application made 17 days after return had been filed and cause argued and submitted to court (Rev. St. § 760 [Comp. St. § 1288]).**

Denial of leave to traverse return to application for writ of habeas corpus *held* not abuse of discretion, notwithstanding Rev. St. § 760 (Comp. St. § 1288), where application was made 17 days after return had been filed and cause argued and submitted to court.

**6. Habeas corpus ⊂⇒87.**

In absence of request for leave to amend, dismissal of petition for writ of habeas corpus without leave to amend is not error.

Appeal from the District Court of the United States for the Territory of Hawaii; William T. Rawlins, Judge.

Petition by Paul Crouch for writ of habeas corpus, to be directed to the United States and Edward M. Lewis, Commanding General of the Hawaiian Department of the United States Army. From a judgment dismissing the petition, petitioner appeals. Affirmed.

The appellant, a soldier in the regular army of the United States, was convicted by a general court-martial, Hawaiian Division, and was sentenced to imprisonment for three years. The charges and specifications under which he was tried set forth, first, that he committed a crime not capital, within the meaning of the Ninety-Sixth Article of War

(Comp. St. § 2308a), in that he violated the law of the territory of Hawaii, which is denounced as a misdemeanor, in organizing, forming, maintaining, and joining an unlicensed secret association; second, conduct to the prejudice of good order and military discipline and of a nature to bring discredit upon the military service, within the meaning of the Ninety-Sixth Article of War, in that he wrote and mailed to the Executive Committee of the Third Internationale, Moscow, Russia, a letter on behalf of the Hawaiian Communist League, the unlicensed secret association above referred to, offering to co-operate with the Third Internationale in overthrowing by revolution and force so much of the Constitution, law, and institutions of the United States as protect private property and invested or other capital; third, conduct to the prejudice of good order and military discipline, within the meaning of article 96, in that he expressed himself to a fellow soldier to be in favor of overthrowing the government of the United States by any means necessary to that end, whether peaceful or otherwise.

In the court below the appellant's petition for a writ of habeas corpus alleged that the court-martial had no jurisdiction over him or of the subject-matter of the action, that the charges and specifications were insufficient to constitute a charge of crime against any law of the United States or to invest the court-martial with jurisdiction, that no evidence was produced to show his guilt of any crime or his violation of any law of which the court-martial had jurisdiction, and that he was not accorded his constitutional rights. The petition was denied.

Austin Lewis, of San Francisco, Cal., for appellant.

Charles F. Parsons, U. S. Atty., of Honolulu, Hawaii, George J. Hatfield, U. S. Atty., of San Francisco, Cal., and Col. Gordon N. Kimball, of San Francisco, Cal. (T. J. Sheridan, Asst. U. S. Atty., Lt.-Col. William Penn Humphreys, and Maj. Walter M. Krimbill, all of San Francisco, Cal., of counsel), for appellees.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1-3] There can be no question but that the appellant was triable by a general court-martial under the second and twelfth Articles of War and that the court had jurisdiction of his person. While a court-martial is a court of special and limit-

ed jurisdiction, its proceedings, when confirmed as provided by law, are not open to review in other courts, except upon an affirmative showing that the court-martial was not constituted according to law, or was without jurisdiction of the person or of the subject-matter, or exceeded its power in the judgment rendered. Grafton v. United States, 206 U. S. 333, 27 S. Ct. 749, 51 L. Ed. 1084, 11 Ann. Cas. 640; Carter v. McClaughry, 183 U. S. 365, 22 S. Ct. 181, 46 L. Ed. 236; Carter v. Roberts, 177 U. S. 496, 20 S. Ct. 713, 44 L. Ed. 861; Dynes v. Hoover, 20 How. 65, 15 L. Ed. 838. And civil courts are not courts of error to review the proceedings and sentences of legally organized courts-martial, which have jurisdiction of the person of the accused and of the offense charged, and have complied with the statutory requirements governing their proceedings. Mullan v. United States, 212 U. S. 516, 29 S. Ct. 330, 53 L. Ed. 632; Ex parte Mason, 105 U. S. 696, 26 L. Ed. 1213. The record in the instant case fails to disclose want of jurisdiction of person or subject-matter, or lack of authority in the court-martial to render its judgment.

The appellant asserts that the statute of Hawaii concerning the licensing of secret societies had no application to the Schofield Barracks, and cites In re Ladd (C. C.) 74 F. 31, a case which holds that the authority of a state does not extend to the punishment of an offense against its liquor laws committed upon land ceded by the state to the United States for a military reservation. The decision is not in point. There has been no legislative cession of local authority over the land occupied for the Schofield Barracks. It was land of a territory, and was subject to the control of the United States, and it was set aside for military purposes by executive order in 1899.

[4] Again, any offense against the laws of a territory is, under section 289 of the federal Penal Code (Comp. St. § 10,462), made punishable under federal authority. That section declares that the criminal law of a state or territory shall be the law of the United States in force in any place then existing, or thereafter reserved or acquired for the exclusive use of the United States and under the exclusive jurisdiction thereof. And even if it were true that the court-martial had no jurisdiction over the offense denounced by the Hawaiian statute, the sentence rendered against the appellant by the court-martial would not be affected by that fact. The sentence was permissible under Article of War

96. Only a single sentence can be imposed by a court-martial. 18 R. C. L. 1072. And its judgment cannot be disturbed on the ground that the disapproval of one of the specifications vitiates the sentence. Carter v. McClaughry, supra.

[5] Nor do we find error in the proceedings in the court below on the hearing of the application for the writ. It is not ground for reversal in such a case that 17 days after the return was filed, and after the cause had been argued and submitted to the court, leave was denied the petitioner to traverse the return. The denial was within the discretionary power of the court. Section 760, Rev. St. (Comp. St. § 1288), it is true, permits a petitioner to traverse the return and allege any fact that "may be material in the case"; but, in the absence of any showing as to the nature of the traverse here sought to have been made, it must be presumed that its allegations were immaterial to the case.

[6] It is assigned as error that the court dismissed the petition without giving the petitioner leave to amend, if he so desired. No request was made for leave to amend, and no rule of practice or statute requires that such leave be given of the court's own motion. It is contended that it was error to overrule the petitioner's demurrer to the return, but no demurrer is found in the record. Nor is there merit in the assignment that the court erred in refusing to allow the petitioner leave to plead further, there being nothing in the record to show that the petitioner asked for or was denied leave to plead further.

The judgment is affirmed.