UNITED STATES ex rel. INNES v. CRYSTAL, Commanding Officer of United States Army, Governors Island, N. Y.

No. 136.

Circuit Court of Appeals, Second Circuit.

Jan. 4, 1943.

Peter J. Innes, Jr., pro se.

Mathias F. Correa, U. S. Atty., of New York City (Samuel Brodsky and Stuart Z. Krinsly, Asst. U. S. Attys., both of New York City, of counsel), for appellee.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Appellant, a soldier in the military service of the United States, was convicted of criminal charges by a court-martial of the United States Army, and sought habeas corpus because of alleged errors committed by the court-martial.

The authorities generally are to the effect that the civil courts cannot consider errors at a court-martial except those that affect the jurisdiction of the court-martial or the fixing of a penalty beyond its statutory powers.[1] None of the alleged errors here goes to that extent. Thus one of the alleged errors was that counsel assigned to appellant was transferred elsewhere for military duties during the course of the trial and that appellant thereupon assumed his own defense. Even assuming that this question could be said to be "jurisdictional," there is no substance in appellant's position since, when asked whether he objected to going to trial in the absence of the regularly appointed defense counsel, appellant stated that he had no objection.[2]

Appellant also objects that there was no verdict after the court-martial retired to arrive at a verdict. This contention is based upon the fact that the court-martial, having adjourned after both sides had rested, reconvened at a later date, and asked the Trial Judge Advocate if he had any further evidence; no further evidence was submitted and the court-martial rendered its verdict. Even if this was a procedural error—and we think it was not—it was not such an error as to justify the issuance of the writ.

Finally, appellant assigns as error that the court-martial heard the Trial Judge Advocate in appellant's absence. It might conceivably be argued that such conduct constitutes a jurisdictional defect;[3] but we need not consider that question, as the record does not bear out appellant's contention.

Affirmed.

---

[1] United States v. Grimley, 137 U.S. 147, 150, 11 S.Ct. 54, 34 L.Ed. 636; Swaim v. United States, 165 U.S. 553, 17 S.Ct. 448, 41 L.Ed. 823; Mullan v. United States, 212 U.S. 516, 520, 29 S. Ct. 330, 53 L.Ed. 632; Ex parte Dickey, D.C., 204 F. 322; Ex parte Tucker, D.C., 212 F. 569; cf. Ex parte Quirin et al., 63 S.Ct. 2, 87 L.Ed. ——, October 29, 1942.

[2] Cf. Adams v. United States ex rel. McCann, 63 S.Ct. 236, 87 L.Ed. ——,

December 21, 1942, to the effect that a defendant in a criminal action in the civil courts may waive his constitutional rights, under the Sixth Amendment, to a jury trial, even when he has assumed his own defense and acted without benefit of counsel. The Fifth and Sixth Amendments are, of course, inapplicable to a court-martial. Ex parte Quirin et al., supra.

[3] But see Ex parte Tucker, supra.