**UNITED STATES ex rel. INNES v. HIATT, Warden, United States Penitentiary, Lewisburg, Pa., et al.**

No. 144.

District Court, M. D. Pennsylvania.

July 22, 1943.

No appearances entered by either party.

JOHNSON, District Judge.

This is a petition for a writ of habeas corpus. The petitioner, Peter J. Innes, Jr., is a general prisoner of the United States Army, now confined, by direction of the Secretary of War, in the custody of William H. Hiatt, Warden of the United States Penitentiary, Lewisburg, within the Middle District of Pennsylvania.

The petitioner alleges that he is illegally and improperly confined and restrained of his liberty and states that his conviction and sentence were not in accordance with the Rules and Articles of War pertaining to Courts Martial. Petitioner also alleges the following facts: That a petition for a writ of habeas corpus was presented to the District Court for the Southern District of New York, in a proceeding entitled, "U. S. ex rel. Innes Jr., v. Crystal, etc., et al. Respondent" on September 1, 1942. The writ was granted on September 29, 1942. After argument, the writ was dismissed by Judge Coxe without opinion; appeal was taken to the Court of Appeals for the Second Circuit where it was argued on December 17, 1942; an opinion affirming the District Court was delivered on January 4, 1943. 131 F.2d 576.

That on January 28, 1943, by direction of the Secretary of War, Colonel Crystal transferred the custody of the petitioner to William H. Hiatt, Warden of the United States Penitentiary at Lewisburg, Pennsylvania.

That on March 31, 1943, there was docketed in the Supreme Court of the United States as Number 873-October Term 1942, a petition for certiorari, two points of the petition being as follows:

(Point II). "The Circuit Court misconstrued the claims and facts in the case in ruling that the adjournment of the court-martial during its secret session on June 22, 1942, is not a fatal error." and

(Point V). "The military authorities by withholding information affirming the truth of facts presented by your petitioner, caused the presentation of statements by the U. S. Attorney which did deceive the Honorable District Court."

That on May 17, 1943, the petition was denied "on the ground that the cause is moot, it appearing that the petitioner no longer is in respondent's custody." On May 21, 1943, there was filed before the same Court a "motion for substitution of respondents and a petition for rehearing"; these were both denied by the Court on May 24, 1943. On June 1, 1943, a "motion for leave to file a petition for habeas corpus" was entered before the same court. On June 7, 1943 the following order was entered in the matter:

"No. —— Original. October Term 1942. Ex parte Peter J. Innes Jr., Motion for leave to file petition for writ of habeas corpus denied without prejudice to an application to the District Court."

That in submitting the motion to file to the Supreme Court the following was stated by petitioner "As no useful purpose would be served by reentering the petition in either a District or Circuit Court of another District, in view of the decisions already outstanding, made by courts of like jurisdiction, * * *". "Apparently the Supreme Court thinks otherwise".

It will thus be seen that petitioner's allegations have been heretofore the subject of litigation. See United States ex rel. Innes v. Crystal, Commanding Officer of United States Army, Governors Island, N.Y., 2 Cir., 131 F.2d 576, decided on January 4, 1943.

The present petition is composed entirely of conclusions. It alleges no new facts. A writ of habeas corpus will not issue where it appears by the petition that the question at issue has been decided adversely to the petitioner by the federal courts of another circuit and the petition alleges no new facts which were not presented in the prior proceedings.

Controlling weight may be given a prior refusal to discharge a relator on a like application for habeas corpus. United States ex rel. Bergdoll v. Drum, 2 Cir., 107 F.2d 897, 129 A.L.R. 1165, certiorari denied 310 U.S. 648, 60 S.Ct. 1098, 84 L.Ed. 1414.

A petition for habeas corpus ought not to be entertained unless the court is satisfied that the petitioner can make out at least a prima facie case. United States v. Sing Tuck, 194 U.S. 161, 170, 24 S.Ct. 621, 48 L.Ed. 917.

Now, Therefore, this 22nd day of July, 1943, the petition for a writ of habeas corpus is dismissed and the writ is denied.