## UNITED STATES ex rel. INNES v. STIMSON, Secretary of War, et al.

### No. 152.

District Court, M. D. Pennsylvania.
Oct. 27, 1943.

No appearances for either party.

JOHNSON, District Judge.

The petitioner, Peter J. Innes, Jr., a military prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, originally filed a petition for a writ of habeas corpus in the Second Circuit. United States ex rel. Innes v. Crystal, 131 F.2d 576. He subsequently filed a petition for a writ of habeas corpus in this District, which petition, alleging no new facts, was dismissed. He has now filed a further petition, alleging therein that the same is based upon additional facts. He now alleges:

"Since the proceedings before the Honorable Second Circuit Court of Appeals in U.S. ex rel. Innes v. Crystal, 131 F.2d 576, two important events have occurred, as follows:

"(1) In violation of Rule 45(4) of the Revised Rules of the Supreme Court of the United States, 28 U.S.C.A. following section 354, the custody of your petitioner was transferred from the jurisdiction of the Federal Courts of the Second Circuit before your petitioner had had opportunity to complete his action before the Supreme Court; and

"(2) Since the proceedings in the Circuit Court for the Second Circuit several new facts have come to the attention of your petitioner which are the basis of this petition.

"The claims made before the Federal Courts in the Second Circuit Were, (1) 'The Court-Martial in adjourning on June 22, 1942, committed a fatal error' ; (2) 'Denial of Defense Counsel' ; and (3) 'Presence of the Trial Judge Advocate before the Court in the absence of the accused.'

"Points one and two were decided adversely but in regard to point three the Court said—'Finally, appellant assigns as an error that the Court-Martial heard the Trial Judge Advocate in Appellant's absence. It might conceivably be argued that such conduct constitutes a jurisdictional defect; but we need not consider that question, as the record does not bear out appellant's contention.'

"This same claim is made Point One A—B of this petition based on new evidence in the form of a written admission by the Solicitor General of the United States that the Record of Proceedings was changed in such a manner as to eliminate all reference to the illegal presence of the Trial Judge Advocate before the Court-Martial, in the absence of the accused, discussing witnesses and evidence with the court-martial while they were in closed secret session deliberating on their findings. This admission is now in the possession of your petitioner and has never been used in any other proceedings.

"Regarding point One C of the present petition. This is based on a statement of the President f the Court-Martial, contained in the Record, that they, the court, failed to carry out the mandatory voting

provisions of Paragraph 78(d) of the Rules of Courts Martial Procedure on June 22, 1942. This fact has never been made the basis of claim in any proceedings had in the Second Circuit."

■ With reference to the allegation that in violation of the Rules of the Supreme Court petitioner's custody was transferred from the jurisdiction of the courts of the Second Circuit before he had an opportunity to complete his action before the Supreme Court, this was clearly a matter for the appellate court in connection with its jurisdiction of the appeal. It appears that the matter was called to the attention of the Supreme Court and that court did not deem it necessary to enter any orders directing his return to the Second Circuit.

■ The second "important event", as it is designated by the petitioner, has reference to new facts bearing upon petitioner's contention in his previous habeas corpus proceedings. As already indicated, he contends that the Court-Martial heard the Trial Judge Advocate in the appellant's absence and that although the record does not bear out his contention, he now has new evidence "in the form of a written admission by the Solicitor General of the United States that the record of proceedings was changed". The correctness of the record cannot be collaterally attacked in this habeas corpus proceeding. The petitioner's remedy in this regard is to have the record corrected in the court in which it was made. Hill v. United States ex rel. Wempler, Pa.1936, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283. In Ex parte Tucker, D.C. Mass., 1913, 212 F. 569, a similar contention was made that the Court-Martial permitted the Judge Advocate to be present for a short time during a closed session of the Court in express violation of Act July 27, 1892, c. 272, Sec. 2, 27 Stat. 277, U.S. Comp.St.1901, p. 965. As that court held this was an error of procedure only and not grounds for a writ of habeas corpus.

■ For the benefit of the petitioner it may be stated here that the rule pertaining to the admissibility of after discovered evidence permits only that evidence to be later produced which could not by diligence have been discovered at the time of trial.

■ This leaves for consideration the petitioner's allegation that the Court-Martial failed to carry out the mandatory voting provisions of Paragraph 78(d) of the Rules of Procedure. While the question of jurisdiction for the general court-martial may be inquired into upon the application of any party aggrieved by its proceedings, nevertheless, where a court-martial had jurisdiction of the offense charged, had jurisdiction to try the offender for the offense, had acted within the scope of its lawful powers, and the sentence is one which the court could under the law pronounce, its decision and sentence cannot be reviewed and set aside by the civil courts by writ of habeas corpus. Sanford v. Robbins, 5 Cir., 1940, 115 F.2d 435, certiorari denied, 1941, 312 U.S. 697, 61 S.Ct. 737, 85 L.Ed. 1132; Ex parte Reed, 1879, 100 U.S. 13, 25 L.Ed. 538; Johnson v. Sayre, Va., 1895, 158 U.S. 109, 15 S.Ct. 773, 39 L.Ed. 914.

■ The decision of a court-martial having jurisdiction is not reviewable by the civil courts on a petition for habeas corpus on a question of procedure. McRae v. Henkes, 8 Cir., 273 F. 108, certiorari denied, 1922, 258 U.S. 624, 42 S.Ct. 317, 66 L.Ed. 797; Collins v. McDonald, Cal.1922, 258 U.S. 416, 42 S.Ct. 326, 66 L.Ed. 692.

The Petition for a writ of habeas corpus is dismissed and the writ denied.