**INNES v. HIATT, Warden.**
Civil Action No. 1445.

District Court, M. D. Pennsylvania.
Sept. 21, 1944.

Petitioner pro se.

Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for William H. Hiatt.

JOHNSON, District Judge.

The petitioner, Peter J. Innes, Jr., having been sentenced by a General Court-Martial of the United States Army, and presently serving the sentence imposed, is now imprisoned in the United States Penitentiary, Lewisburg, Pennsylvania, within the Middle District of Pennsylvania. The prisoner has filed a petition which he designates "Petition for the issuance of an Injunction and Declaratory Judgment and a Writ of Habeas Corpus Ad Testificandum." In this proceeding he asks for an order enjoining the respondents from computing the length of his confinement "in any other manner except that prescribed by military law which was in force and effect at the time of sentence being imposed" upon him, and "a further order restraining and forbidding the respondents from enforcing or attempting to enforce any provisions of the so-called 'conditional release law' of the Civil Code insofar as the petitioner is concerned."

This petitioner, in connection with this present sentence, has heretofore raised other numerous questions. United States ex rel. Innes v. Crystal, 2 Cir., 131 F.2d 576, certiorari denied 319 U.S. 755, 63 S. Ct. 1164, 87 L.Ed. 1708, rehearing denied 319 U.S. 783, 63 S.Ct. 1173, 87 L.Ed. 1727; United States ex rel. Innes v. Hiatt, D.C., 50 F.Supp. 756 and United States ex rel. Innes v. Stimson, D.C., 52 F.Supp. 425, affirmed 3 Cir., 141 F.2d 664.

As to the request of the petitioner for a declaratory judgment, it being in effect an action against the United States, the Declaratory Judgments Act, Jud.Code § 274d, 28 U.S.C.A. § 400, does not apply. Yeskel v. United States, D.C.N.J.1940, 31 F.Supp. 956.

Moreover, treating the proceedings under the designation of "injunction", it is in effect an attempt to obtain a mandamus against the Warden of the Penitentiary to change his records, and this Court has heretofore pointed out that where the action is not in aid of this court's jurisdiction but is an original proceeding in mandamus, the District Court has no ju-

risdiction. Hogan v. Hill, D.C., 9 F.Supp. 975, affirmed 3 Cir., 78 F.2d 1017.

Even if this Court considered petitioner's application for relief as a petition for a writ of habeas corpus, it would be premature, inasmuch as the petitioner is now legally restrained of his liberty and has not completed the service of his sentence, even if the good time deductions are taken into consideration. There is no merit in the petitioner's position as the very question sought to be raised by him was decided by this court in Fitch v. Hiatt, Warden, D.C.M.D.Pa. 1942, 48 F.Supp. 388, where it was decided that the military reviewing authority has jurisdiction to order the service of a sentence in a United States Penitentiary where a soldier has been convicted by Court Martial for a violation of the Articles of War; and where sentenced to a United States Penitentiary such prisoner is entitled only to credit for good time as provided in the statute relating to civilian prisoners instead of the more accelerated credits allowed for military prisoners confined to military barracks; and that such prisoner is also subject to the parole provisions of 18 U.S.C.A. § 716b. As pointed out in that opinion, the statutory provisions applicable to civil prisoners apply to military prisoners confined in penitentiaries, except insofar as excepted by specific statutes such as 10 U.S.C. § 1457a, by which authority is vested in the Secretary of War to remit unexecuted portions of sentences, which is not pertinent to the question here involved. The petition must be dismissed.