## Ex parte BENTON.

### No. 25293-G.

District Court, N. D. California, S. D.

Nov. 26, 1945.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

GOODMAN, District Judge.

The petitioner alleges that he is unlawfully detained by the United States Army authorities and held, after conviction at a general Army Court Martial of the crime of murder in violation of the 92nd Article of War, 10 U.S.C.A. § 1564, to serve a sentence of life imprisonment imposed by the Military Court. He alleges in his petition that "the counsel assigned to defend (him) before the Court Martial that tried him were so unqualified, incompetent, inefficient, negligent and unfaithful in the performance of their duties as such defense counsel that (he) did not in any real or substantial sense have the aid of counsel in said trial nor did (he) have effective assistance of counsel." (Petition p. 2, lines 3 to 9.)

The particulars constituting the ineffectiveness and incompetence of counsel are stated in the petition to be:

(a) Assistant counsel did not consult with petitioner prior to trial.

(b) Counsel consulted with petitioner only once prior to trial and then for a period of twenty to twenty five minutes.

(c) Counsel failed to subpoena an investigating officer and certain money found by the officer on the person of the murdered person, altho requested so to do by petitioner.

(d) Counsel failed to produce character witnesses on behalf of petitioner at the trial.

(e) Counsel failed to effectively cross-examine the witnesses.

The transcript of the trial proceeding is attached to and made a part of the petition.

It is not claimed that counsel was not furnished, as provided in the 17th Article of War, 10 U.S.C.A. § 1488,[1] but that the counsel appointed were so ineffective as to amount to no counsel at all.

It is not questioned, as indeed it could not be by virtue of an unbroken line of authority, that civil courts cannot review the judgments of courts martial, on habeas corpus, if the military had jurisdic-

Douglas M. Moore and Keyes & Erskine, all of San Francisco, Cal., for petitioner.

---

[1] "The accused shall have the right to be represented in his defense before the court by counsel of his own selection, civil counsel if he so provides, or military if such counsel be reasonably available, otherwise by the defense counsel duly appointed for the court pursuant to article 11."

tion to try the offender and if the sentence of the court or commission was within its power to pronounce. United States v. Grimley, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636; Swaim v. United States, 165 U.S. 553, 17 S.Ct. 448, 41 L.Ed. 823; Mullan v. United States, 212 U.S. 516, 29 S.Ct. 330, 53 L.Ed. 632; Ex parte Mason, 105 U.S. 696, 26 L.Ed. 1213; Ex parte Reed, 100 U.S. 13, 25 L.Ed. 538; Carter v. McClaughry, 183 U.S. 365, 22 S.Ct. 181, 46 L.Ed. 236.

But petitioner claims that the military court which tried and sentenced him lacked jurisdiction because he did not have the effective assistance of counsel for his defense as guaranteed by the Constitution (Amdt. VI), citing the well-known cases of Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

■■■ This contention of petitioner is legally unsound because the constitutional guarantees of the 5th and 6th amendments relating to criminal prosecutions may not be invoked in "cases arising in the land or naval forces" of the United States. Ex parte Quirin, 317 U.S. 1, 43, 63 S.Ct. 1, 2, 18, 87 L.Ed. 3; Ex parte Milligan, 71 U.S. 2, 123, 4 Wall. 2, 123, 18 L.Ed. 281; United States ex rel. Innes v. Crystal, 2 Cir., 131 F.2d 576. As stated by Chief Justice Stone in Ex parte Quirin, supra, in "cases arising in the land or naval forces" presentments or indictments by a Grand Jury are not required nor is public trial by jury guaranteed. The specific guarantees of the 5th and 6th amendments relating to criminal prosecutions do not apply to petitioner.[2] Upon this ground, without more, the petition fails to set forth sufficient reasons for the issuance of the writ of habeas corpus.

■■ However, if we look at the petition in this case as if it were predicated, as it may properly be, upon the broad claim of lack of due process, i. e. the basic doctrine of fairness under the "due process" clause, as set forth in United States v. Hiatt, 3 Cir., 141 F.2d 664,[3] the petition with its accompanying record, still falls short of a valid cause of action justifying the issuance of the writ.

The allegations of the petition, including the attached court martial record, at their most, do no more than offer criticism of the skill and technique of defense counsel. No objection at any stage of the trial proceeding appears either in the petition or trial record to have been made by petitioner either to his counsel or to the court respecting counsel's conduct. Indeed, viewed retrospectively, after examination of the record, it is questionable whether the procedure which petitioner asserts should have been followed by his counsel, would not, if pursued, have worsened his cause, if indeed such be possible.

■■ I see no basis in the averments of the petition or in the trial record for holding that the basic doctrine of fairness under the due process clause was violated. How expertly or ineptly the cause was tried by defense counsel involves the merits and is not a proper subject of inquiry in a habeas corpus proceeding unless it is made to appear from the whole record presented that the hearing was so unfair as to amount to a denial of due process under military law.

Glasser v. United States, supra, relied upon by petitioner, does not go so far as to determine that inefficiency or ineptness of counsel alone amount to lack of due process (assuming that due process under civil law applies). In that case the ineffectiveness, so-called, of counsel was made evident by reason of an inherent inability of counsel to properly represent the accused because of a conflict of interest

[2] In Romero v. Squier, 9 Cir., 133 F.2d 528, the court, in a habeas corpus proceeding, did pass upon petitioner's contention that he was denied the right of counsel in violation of the 6th amendment in a court-martial proceeding. However, it affirmed the order of the district court dismissing the petition on the merits upon the ground that in fact petitioner did have counsel at his trial. The court specifically declined to pass upon the applicability of the 6th amendment to court martial proceedings

because of the failure of the government to make any claim as to its non-applicability.

[3] If the petition is considered in the light of the "due process" requirement, it must be remembered that "to those in the military or naval service of the United States the *military law* is due process." Reaves v. Ainsworth, 219 U.S. 296, 304, 31 S.Ct. 230, 233, 55 L.Ed. 225. (Emphasis supplied.)

between the accused and a co-defendant, both of whom were represented by the same counsel.

In Schita v. King, 8 Cir., 133 F.2d 283, also cited by petitioner, it was sought by petition for writ of habeas corpus to review a judgment of a general court martial on the ground that a fair trial was denied petitioner. There the court itself was charged with unfairness in denying the right of petitioner to be represented by military counsel and to call witnesses on his own behalf; also in examining witnesses in the absence of petitioner and not administering the oath to witnesses.

The motion to dismiss the petition for writ of habeas corpus is granted and the petition is dismissed.