**In re WRUBLEWSKI, Ensign, U.S.N.**
**No. 26862.**

District Court, D. California, S. D.
April 1, 1947.

J. W. Ehrlich and Edwin S. Wilson, both of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for respondents.

GOODMAN, District Judge.

Petitioner, an officer of the United States Navy, seeks by his petition for the writ of habeas corpus to be released from the custody of naval authorities who hold him at the United States Receiving station, Yerba Buena Island, in this district, after his conviction on July 30, 1946, by a court martial of the crime of voluntary manslaughter and subsequent sentence to five years imprisonment. The court issued an order directing the commanding officers of the Receiving Station to show cause why the writ should not issue. Respondents then moved to dismiss the petition. After argument and the filing of briefs, the motion has been submitted for decision.

It appears from the petition that petitioner, on December 11, 1944, was tried before a naval general court martial at Pearl Harbor, Hawaii, for two offenses, to-wit: The crime of murder alleged to have been committed on or about August 7, 1944, at the U. S. Naval Air Station, Oahu, Hawaii, and the crime of assault with intent to commit murder alleged to have been committed at the same time and place upon the same victim. The naval court adjudged petitioner guilty of murder and not guilty of the charge of assault with intent to commit murder.

Upon review of the judgment, the Judge Advocate General, on November 9, 1945, declared the judgment and sentence for the crime of murder illegal, in that the same was committed "within the territorial jurisdiction of the United States" and thus beyond the jurisdiction of the court martial.* Petitioner was not, however, re-

---

* Naval courts martial have jurisdiction of the crime of murder only when committed outside the territorial Jurisdiction of the U. S. 34 U.S.C.A. § 1200, art. 6.

leased from custody. On July 30, 1946, petitioner was brought to trial before another naval general court martial upon two charges to-wit, voluntary manslaughter and involuntary manslaughter. Both charges specified the same homicide for which petitioner was tried in the 1944 court martial. Conviction of the charge of voluntary manslaughter and sentence to five years imprisonment followed.

At his trial on the manslaughter charges, petitioner pleaded "former jeopardy," in that he had previously (in 1944) been acquitted of the crime of assault with intent to commit murder upon the same victim. In support of this plea, petitioner alleged that the crime of assault with intent to commit murder was a lesser included offense of the crime of manslaughter and that acquittal of the former barred subsequent prosecution for the greater offense. The court martial overruled the plea and the judgment was later confirmed by the Judge Advocate General.

Because of the alleged "former jeopardy" (Const.Amdt. V), petitioner claims the navy court, in the 1946 trial, was without jurisdiction and hence the writ should issue.

Unless it appears that the navy court lacked jurisdiction, this court may not review its judgment. United States v. Grimley, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636; Swain v. United States, 165 U.S. 553, 17 S.Ct. 448, 41 L.Ed. 823; Mullan v. United States 212 U.S. 516, 29 S.Ct. 330, 53 L.Ed. 632; Ex parte Mason, 105 U.S. 696, 26 L.Ed. 1213; Ex parte Reed, 100 U.S. 13, 25 L.Ed. 538; Carter v. Mc-Claughry, 183 U.S. 365, 22 S.Ct. 181, 46 L.Ed. 236. To resolve the jurisdictional issue, it is not necessary to decide whether a court martial conviction of the crime of manslaughter, where there has been a previous trial of the crime of assault with intent to commit murder, amounts to double jeopardy. This is for the reason that the specific guaranties of the 5th amendment to the Constitution relating to criminal prosecutions may not be invoked in "cases arising in the land or naval forces" of the United States. Ex parte Quirin, 317 U.S. 1, 43, 63 S.Ct. 2, 87 L.Ed. 3; Ex parte Milligan, 71 U.S. 2, 123, 18 L.Ed. 281;

United States ex rel. Innes v. Crystal, 2 Cir., 131 F.2d 576; Ex parte Benton, D.C., 63 F.Supp. 808. The naval court's decision denying the plea of double jeopardy may have been erroneous. But such errors of law by courts martial are not of themselves reviewable or correctible in the civil courts. They may be reviewed here only if they are of such a nature as to amount to a breach of the "basic doctrine of fairness" under the due process clause of the Constitution and thus oust the naval court of jurisdiction. United States v. Hiatt, 3 Cir., 141 F.2d 664; Ex parte Benton, supra. And "to those in the military or naval service of the United States *the military law is due process*." Reaves v. Ainsworth, 219 U.S. 296, 304, 31 S.Ct. 230, 233, 55 L.Ed. 225 (emphasis supplied.) The question, therefore, is: Was the treatment given petitioner by the navy court so "unfair" as to constitute lack of due process under military law?

Petitioner was represented by counsel during both courts martial. No claim is made of any unfairness in the conduct of his trials. It is not claimed that he was denied the right to produce witnesses or to cross examine witnesses. Nor is any conduct of the court itself complained of. The contentions made here were urged, both at his second court martial and upon review by the Judge Advocate General. They were determined adversely to him. Under military law, the decisions may have been wrong. But we may correct them here, only if the errors amount to a denial of due process.

It is a reasonable inference, as it would be in the civil courts, that the charge of assault with intent to commit murder was added to the charge of murder at the first court martial in order to provide for the exigencies of proof. Obviously acquittal of the assault charge was in the nature of a dismissal of that charge, because of the finding of guilt of murder. The entire record of petitioner's case negatives the assumption that he may have been acquitted of assault with intent to commit murder due to a lack of the required degree of proof to establish the commission by him of any assault upon the deceased at all, or of an intent to kill. Indulgence in

this assumption would require complete disregard of the fact that the court martial believed and found him guilty of the greater crime of murder.

Nothing in the record presented by the petition indicates a violation of the basic doctrine of fairness. It is true that much fumbling and delay by the naval authorities is disclosed. At least, from the civil viewpoint, it may be so characterized. But I may not issue the writ for such reasons. In fact, nothing about this case bestirs any judicial urge to invoke the great writ of habeas corpus. Moreover, it may not be amiss to point out that the plight of petitioner, under all the circumstances, is not too unfortunate. Indeed he may have been much more severely dealt with in the first instance had not the naval authorities made the jurisdictional mistake of charging him with murder.

My conclusion is that the showing made fails to demonstrate a breach of the broad and basic doctrine of fairness under the due process clause.

The motion to dismiss the petition for a writ of habeas corpus is granted and the petition is dismissed.