## UNITED STATES ex rel. WEINTRAUB v. SWENSON.

District Court, S. D. New York.
April 9, 1947.

Samuel T. Ansell and Roger Robb, both of Washington, D. C. (Edward C. Wallace, of New York City, of counsel), for relator.

John F. X. McGohey, U. S. Atty., of New York City (John F. Ryan, Asst. U. S. Atty., of New York City, of counsel), for respondent.

HULBERT, District Judge.

The relator seeks in this habeas corpus proceeding to review the judgment of a United States Army general court-martial which tried him upon certain charges and specifications, upon each of which he was found guilty and sentenced to be dismissed from the Service, to forfeit all pay and allowances due or to become due, and to be confined at hard labor at such place as the reviewing authority might direct for six years, namely,—Branch United States Disciplinary Barracks, Green Haven, New York.

In Re Yamashita, 327 U.S. 1, 66 S.Ct. 340, 344, 90 L.Ed. 499, the United States Supreme Court said: "In the present cases it must be recognized throughout that the military tribunals which Congress has sanctioned by the Articles of War are not courts whose rulings and judgments are made subject to review by this Court. (Cases cited) They are tribunals whose determinations are reviewable by the military authorities either as provided in the military orders constituting such tribunals or as provided by the Articles of War. Congress conferred on the courts no power to review their determinations save only as it has granted judicial power 'to grant writs of habeas corpus for the purpose of an inquiry into the cause of the restraint of liberty.' 28 U.S.C. §§ 451, 452, 28 U.S.C.A. §§ 451, 452. The courts may inquire whether the detention complained of is within the authority of those detaining the petitioner. If the military tribunals have lawful authority to hear, decide and condemn, their action is not subject to judicial review merely because they have made a wrong decision on disputed facts. Correction of their errors of decision is not for the courts but for the military authorities which are alone authorized to review their decisions. (cases cited.)"

Philip R. Weintraub was a First Lieutenant in the U. S. Army, stationed at Fort Jay, New York, and served as a Trial Judge Advocate of a General Court Martial to which had been referred for trial a charge and specification of desertion against a Private Mark Green.

The relator was charged with violation of Articles of War 95 and 96, 10 U.S.C.A. §§ 1567, 1568, in that he solicited from Green a sum of money and, in connection with the same case, accepted a sum of money from one Chelly Kurland with the intention that his actions as Trial Judge Advocate would be influenced by withholding evidence detrimental to Green and by making recommendations of clemency for him.

Under other specifications it appears that on a different occasion, relator was acting as defense counsel in a case before a General Court Martial of one Corporal Roberts and that relator accepted a sum of money from one Marie Mason for which relator promised to obtain for Roberts a lenient sentence from the court.

It appears that when relator was at the home of Chelly Kurland, Army authorities attempted to have a recording made of the conversation between the two; the discs thereof, purporting to have recorded such conversation, were introduced and played at the trial but they did not contain the entire conversation because some of the words were spoken in a low tone of voice and did not register clearly through the recorder. What purported to be a typewritten transcript of notes made by one May, supplied many of the missing words inaudible on the recording discs and was annexed to the record when it was submitted to the Reviewing Board, but this transcript was not introduced at the trial before the General Court Martial.

It is the contention of the relator that the inclusion of this transcript has operated to his prejudice. It appears, however, from the opinions of the Staff Judge Advocate and the Board of Review, contained in the record, that the said transcript was not considered in the review on appeal.

Relator also contends that a thorough and impartial investigation of the charges against him were not made before the charges were referred to the Court Martial for trial. Article of War 70, 10 U.S.C.A. § 1542. This court fails to find any basis for this allegation.

In U.S. v. Hiatt, D.C., 141 F.2d 664, 666, the court said: "We conclude that it is

**602**

open for a civil court in a habeas corpus proceeding to consider whether the circumstances of a court-martial proceeding and the manner in which it was conducted ran afoul of the basic standard of fairness which is involved in the constitutional concept of due process of law and, if it so finds, to declare that the relator has been deprived of his liberty in violation of the fifth amendment and to discharge him from custody." See also Ex parte Benton, D.C., 63 F.Supp. 808.

It is noted, in the consideration of the case at bar, that no error is alleged on the part of the trial court itself. Error is alleged in connection with the review of the case after trial, with respect to the transcript of the recording, referred to above, which the relator insists deprived him of a fair hearing. But this court does not find any element of unfairness present to the prejudice of the relator in the constitutional concept of due process of law.

The opinion in Hicks v. Hiatt, D.C., 64 F.Supp. 238, has been carefully read but is not deemed applicable.

Petition denied and writ dismissed. Settle order on notice.