**BROWN v. SANFORD, Warden.**

No. 12352.

United States Court of Appeals
Fifth Circuit.

Nov. 3, 1948.

Henry L. Bowden and M. Neil Andrews, both of Atlanta, Ga., for appellant.

Col. Eugene M. Caffey, Hq. 3rd Army, J. A. G. D., Col. H. M. Peyton and Col. Eugene Ferry Smith, all of Fort McPherson, and J. Ellis Mundy, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

In June, 1944, appellant, while a Second Lieutenant in the United States Army Air Corps, was charged before a General Court-Martial, convened at Laurinburg-Maxton Army Air Base, Maxton, North Carolina, with a violation of the 92nd Article of War, 10 U.S.C.A. § 1564, the specification being rape of a named female, and with a further violation of the 93rd Article of War, 10 U.S.C.A. § 1565, the specification being assault with intent to rape another named female. He was found guilty on both charges, and sentenced to life imprisonment on July 27, 1944. His sentence was later reduced to fifteen years by the army reviewing authorities, upon a recommendation for clemency by the court, and later duly approved according to law.

A petition for writ of habeas corpus was filed in the district court on October 8, 1947. After a hearing thereon, at which petitioner testified and much documentary evidence was introduced, the writ was discharged on January 22, 1948. This appeal is from that order discharging the writ, and from the denial of appellant's motion for retrial.

Appellant complains at length of certain alleged errors and irregularities in the pre-trial, trial, and reviewing procedures of the court-martial, by means of which he contends he was denied his constitutional right to due process under the Fifth Amendment, and the court-martial was divested of jurisdiction. Specifically, he alleges he was held incommunicado until he made a confession in writing which was used against him at the trial; that this confession was given under circumstances inherently coercive, and was therefore not free and voluntary on his part; that the question of his sanity was not investigated, although evidence suf-

ficient to raise a doubt thereon was presented prior to the investigation; that the Trial Judge Advocate and the Court-Martial were guilty of misconduct during the trial in many particulars; and that the Court-Martial erroneously denied petitioner's request for a severance of the charges against him.

No good purpose can be served by setting out the sordid evidence in this case at length. It is sufficient to observe that appellant's contention as to the statement obtained from him by the investigating officer prior to the trial being coerced, is not borne out or supported by the record. To the contrary, his statement and the testimony reveal that he was then fully apprised of his every constitutional right, and nevertheless elected to give and sign a sworn statement containing his own version of the offenses charged. Cf. Ashcraft v. Tennessee, 322 U.S. 143, 64 S.Ct. 921, 88 L.Ed. 1192. Moreover, the record fails to reveal that appellant was not mentally responsible for his actions at the time the offenses were committed and investigated. The investigating officer testified that appellant was mentally competent, and at the trial he did not defend on the ground of insanity, although it appears he had the benefit of very able counsel. Under the circumstances, the failure of the court-martial to order a more complete and detailed investigation of the sanity of appellant did not constitute a denial of due process. In re Yamashita, 327 U.S. 1, 66 S.Ct. 340, 90 L.Ed. 499; Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L. Ed. 969; Sanford v. Robbins, 5 Cir., 115 F.2d 435.

A careful consideration of the entire record leads unerringly to the conclusion that the procedure of the military law was applied in a substantially fair manner, that no constitutional rights were denied appellant which could reasonably be held to deprive the court-martial of jurisdiction over the offense, and that abundant evidence sustains his guilt of the crimes charged. In re Yamashita, 327 U.S. 1, 8, 23, 66 S.Ct. 340, 90 L.Ed. 499; Mullan v. United States, 212 U.S. 516, 29 S.Ct. 330, 53 L.Ed. 632; Reaves v. Ainsworth, 219 U.S. 296, 31 S.Ct. 230, 55 L.Ed. 225; Lisenba v. California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166; Eury v. Huff, 4 Cir., 141 F.2d 554.[1]

Affirmed.

[1] Mr. Chief Justice Stone, speaking for the Supreme Court in the case of In re Yamashita, 327 U.S. 1, 8, 66 S.Ct. 340, 344, 90 L.Ed. 499, said:

"* * * We also emphasized in Ex parte Quirin, [317 U.S. 1, 63 S.Ct. 2, 87 L.Ed. 3] as we do here, that on application for habeas corpus, we are not concerned with the guilt or innocence of the petitioners. We consider here only the lawful power of the commission to try the petitioner for the offense charged. In the present cases it must be recognized throughout that the military tribunals which Congress has sanctioned by the Articles of War are not courts whose rulings and judgments are made subject to review by this Court. * * * If the military tribunals have lawful authority to hear, decide and condemn, their action is not subject to judicial review merely because they have made a wrong decision on disputed facts. Correction of their errors of decision is not for the courts but for the military authorities which are alone authorized to review their decisions. * * *"