## Commonwealth ex rel. Jones v. Myers

*James H. Jones* and *Marjorie Jones*, p.p., relators.
*Stephen A. Teller*, District Attorney, for respondent.

BROMINSKI, J., January 3, 1963. — Relators have presented the attached petition praying for the issuance of a writ of habeas corpus to try the validity of the detention of relator, James H. Jones, at the State Correctional Institution at Graterford and the detention of relator, Marjorie Jones, at the State Correctional Institution at Muncy.

Strict rules of pleading do not apply to a petition for a writ of habeas corpus but some legal definiteness and certainty is required: Commonwealth ex rel. Kennedy v. Mingle, 388 Pa. 54. In the instant petition, no re-

spondents are named or indicated; the petition is not in forma pauperis; and the allegations and arguments are vague and uncertain. The court, however, does not base its determination of this matter on such technical grounds.

No question of the court's jurisdiction has been raised; relators were represented by competent counsel at a full and impartial hearing before this court without a jury; sufficient evidence was presented at this hearing to convince the court beyond a reasonable doubt that defendants were guilty of the crimes charged; and sentences were properly imposed after the court's determination of the issues.

It is the opinion of this court that relators' petition in its present form fails to set forth a prima facie case and consequently will not be entertained by this court: United States ex rel. Innes v. Hiatt, 50 F. Supp. 756, affirmed 141 F. 2d 664.

Having failed to set forth a prima facie case, relators are not entitled to a hearing.

Accordingly, January 3, 1963, petition for writ of habeas corpus is dismissed.