**HANCOCK v. STOUT, Colonel.**

No. Civ. A. 454.

District Court, W. D. South Carolina, Greenville Division.

May 26, 1944.

Wyche, Burgess & Wofford, of Greenville, S. C., for petitioner.

Oscar H. Doyle, U. S. Atty., and W. M. Walters, Asst. U. S. Atty., both of Greenville, S. C., Edward B. Schlant, of Atlanta, Ga., Colonel, J. A. G. D., Judge Advocate Fourth Service Command, and Reid B. Barnes, of Birmingham, Ala., Major, J. A. G. D., for respondent.

TIMMERMAN, District Judge.

This is a habeas corpus proceeding. The petitioner, Herman C. Hancock, Jr., was at all relevant times a soldier in the United States Army holding the rank of Technical Sergeant and was subject to military law. The respondent, Oliver H. Stout, is a Colonel in the United States Army, and as such the Commanding Officer of the Greenville Army Air Base, Greenville, South Carolina, where the petitioner was stationed or held at the times hereinafter mentioned. At the time of the commencement of this proceeding the petitioner was a prisoner in the custody of the respondent pursuant to the sentence of a general court-martial composed of United States Army Officers. Also at the time of the commencement of this action both the petitioner and the respondent were within and subject to the jurisdiction of this Court.

The petitioner was charged with the crime of rape and he was tried therefor, as well as for other alleged offenses, before a general court-martial convened at Greenville, South Carolina, on the 23d day of October, 1943. Upon his trial he was found guilty of rape and of other offenses by the concurrence of three-fourths of the members of the general court-martial who were present and voting, and by a like concurrence of three-fourths of the members of said court-martial he was sentenced to life imprisonment.

There is no dispute about the facts. They are stipulated. The petitioner takes the position that he could not be legally convicted of the crime of rape without "the concurrence of all the members of said court-martial present at the time the vote" was taken, and that since only three-fourths of the members of said court-martial present at the time the vote was taken concurred in finding him guilty of rape, no sentence could be validly imposed against him. The respondent's position is that the petitioner could be and that he was convicted legally "by a two-thirds vote of those members present at the time the vote" was taken, although it required a three-fourths vote to impose the sentence that was imposed; and that the petitioner having been both convicted and sentenced by a three-fourths vote he was lawfully restrained of his liberty by the respondent.

The 92nd Article of War, 10 U.S.C.A. § 1564, provides: "Any person subject to military law who commits * * * rape shall suffer death or imprisonment for life, as a court-martial may direct. * * *" From this it is manifest that rape is an offense "expressly made punishable by death."

The 43rd Article of War, 10 U.S.C.A. § 1514, reads as follows: "No person shall, by general court-martial, be *convicted* of an offense for which the death penalty is made mandatory by law, nor *sentenced* to suffer death, except *by the concurrence of all the members of said court-martial* present at the time the vote is taken, *and for an offense in these articles expressly made punishable by death;* nor *sentenced* to life imprisonment, nor to confinement for more than ten years, except by the concurrence of three-fourths of all of the members present at the time the vote is taken. *All other convictions and sentences,* whether by general or special

court-martial, may be determined *by a two-thirds vote* of those members present at the time the vote is taken. All other questions shall be determined by a majority vote." (Underscoring added.)

The settlement of the issue here presented will hinge on the construction given to the 43rd Article of War above quoted. Neither side has presented an adjudicated case in point and I have been unable to find one reported in the books available to me. I, therefore, can determine what Congress intended in the enactment of the 43rd Article of War only by resort to the language used therein. I do not conceive it to be my duty or privilege to add to or take from what is said in the Article itself. Manifestly one could not be convicted of an offense for which the death penalty is made mandatory by law without the concurrence of all the members of the general court-martial hearing the case and present at the time of casting ballots on that issue. That much seems to be clear beyond all question. The real issue here is whether one can be legally convicted of a crime which is expressly made punishable by death on the concurrence of fewer than all of the members of the trial court-martial present at the time the vote is taken on that issue. I do not think so. If I should so hold it would be equivalent to striking out of the 43rd Article of War these words, "and for an offense in these articles expressly made punishable by death."

It is to be noted that the first part of Article 43 deals with both *conviction and sentence* in cases where the death penalty is either made mandatory by law or is expressly provided for. Following this, *sentences* of life imprisonment or of a term of more than ten years are provided for on the concurrence of three-fourths of the members of the court, but no reference is made to *convictions*. In the succeeding sentence the Article authorizes both *conviction and sentence* by the concurrence of two-thirds of the Court in all cases not provided for above.

To adopt the construction of the article contended for by the respondent would mean that in a case of the character now before the Court a bare two-thirds of the court could, by convicting one charged with rape, force a sentence to life imprisonment, although the Article says that no one may be sentenced to life imprisonment, or to confinement for more than ten years

"except by the concurrence of three-fourths of all of the members present at the time the vote is taken." If one-third of the court-martial voted not guilty and two-thirds voted guilty in a case charging rape, the death penalty *expressly provided for* in Article 92 would become utterly inoperative and life imprisonment would immediately become mandatory since it would be the only possible sentence under the law. The court-martial thus would be deprived of its discretion to determine which of the two punishments it would impose. I do not believe that it was the intention of Congress to permit two-thirds of a court-martial to render partially ineffective the discretion in regard to punishment which is established in Article 92.

It could be very well imagined that one-third of the members of a court-martial might be honestly of the opinion that a charge of rape was not established beyond a reasonable doubt and, therefore, would vote not guilty. In that situation the same members, when the question of a sentence arose, might be of the honest opinion that a defendant guilty of so heinous a crime should suffer death. Under the respondent's theory the absolute status of guilt would have been established by a two-thirds vote. The disagreeing members would have no legal right to disregard the legally established status of guilt, but on the contrary would be legally bound to accept the fact of guilt as established by the two-thirds.

It is axiomatic that no sentence can be legally imposed against an alleged offender until his guilt is first established. Before then he is presumed in law to be innocent. It would seem mere twaddle to say that Congress intended to require the concurrence of at least three-fourths of the members of a general court-martial to impose a sentence of life imprisonment and at the same time to authorize two-thirds of said court to make it mandatory that the three-fourths impose such a sentence. That perhaps would not be a snare, but undoubtedly it would be a delusion. Such reasoning is not answered by saying that three-fourths rather than two-thirds of the court agreed to the conviction in this case because there is no provision in Article 43 for a three-fourths vote of conviction. The only votes authorized in regard to convictions are unanimous and two-thirds votes; and as to sentences unanimous, three-fourths and

two-thirds votes are provided for. This, under the respondent's contention, is of no particular significance.

Turning again to the provisions of Article 43, it is to be noted, as pointed out above, that the first part of this Article, deals with *convictions and sentences* of offenses "for which the death penalty is made mandatory by law" and of offenses "in these articles expressly made punishable by death." The provision for sentences "to life imprisonment" makes no reference to convictions. It evidently was presupposed that a legal conviction would be had in accordance with the preceding provisions of the Article before a sentence would be imposed. Following this, it is provided in Article 43 that "All other *convictions and sentences* \* \* \* may be determined *by a two-thirds vote.*" (Italics added.) What other convictions and sentences? Certainly not those already dealt with, but those to which no previous reference is made. The concluding sentence of Article 43 is, "All other questions shall be determined by a majority vote." Under the respondent's system of reasoning the expression "all other questions" could be construed to be comprehensive of all conditions therein before provided for. Of course, the respondent is not now making that contention, but it seems that such a contention would stand on almost equal terms with the one that is made.

■ It may be true, as suggested by counsel for the respondent, that Army authorities have construed the current 43rd Article of War to have the meaning contended for and that they have administered its provisions in accordance with that view, but that isn't conclusive of the matter. To be sure, if the Article in question were susceptible to two or more reasonable constructions, and the Army officials, in the light of their experiences, had adopted one of those reasonable constructions, the Court would be warranted in according to their view great respect, even controlling effect, but in my judgment that is not the case.

The respondent's position would be fully warranted if this case had been tried under the terms of Article 43 as adopted in 1916, 39 Stat. at Large, p. 657, and as it remained in force until the Act of 1920, 41 Stat. at Large, p. 795, but Article 43 since 1920 to date is quite different from Article 43 from 1916 to 1920. Before it was amended in 1920 Article 43 authorized the conviction and sentencing of offenders "by the concurrence of two-thirds of the members of said court-martial", both in cases where the death penalty was "made mandatory by law" and in cases "expressly made punishable by death." The 1916 version of Article 43 reads as follows: "No person shall, by general court-martial, be convicted of an offense for which the death penalty is made mandatory by law, nor sentenced to suffer death, except by the concurrence of two-thirds of the members of said court-martial and for an offense in these articles expressly made punishable by death. All other convictions and sentences, whether by general or special court-martial, may be determined by a majority of the members present."

However, this version of Article 43 is no longer of force. It has been superseded by the version of 1920 which is quoted hereinabove, and the two should be compared to fully appreciate the sweeping changes made by the Act of 1920. What the Court suspects, but does not know, is that the general court-martial trying the petitioner overlooked the Act of 1920 and proceeded under the superseded Act of 1916. This thought is given color by the fact that the respondent relied heavily in argument on Winthrop's Military Law and Precedents, 2 Ed., Reprint, 1920, a copy of which was furnished the Court. If there is a single reference in this work to the Act of 1920, it has not been discovered. Most of the comments and discourses in this valuable work relate to the Articles of War as they existed even prior to 1916.

■ Surely Congress intended something by striking out the words "two-thirds of the members of said court-martial", appearing in the Act of 1916, and inserting in lieu thereof the words "all the members of said court-martial" as they appear in the Act of 1920. I cannot conclude that Congress made the sweeping changes which it did make in the Article in question without intending to change its meaning. Hence, and for the reasons hereinbefore stated, I conclude as a matter of law that the petitioner, Herman C. Hancock, Jr., was not legally convicted of the crime of rape; and it follows, also as a matter of law, that he could not be legally sentenced to life imprisonment under such conviction. However, this does not mean that the petitioner should be discharged from custody since the return of the respondent shows that the petitioner has

334

been convicted of other crimes by said court-martial for which he may be sentenced and thereunder be held in custody.

An order for judgment in accordance with the views herein expressed will be signed on presentation. It is suggested that counsel for the petitioner prepare such an order and submit to counsel for respondent for consideration. If there should be differences as to the terms of the order, I will settle the matter on notice.