### Ex parte BESHERSE et al.

#### No. 245.

District Court, D. Montana, Missoula Division.

Nov. 29, 1945.

John Phil Rowe, of Missoula, Mont., for petitioners.

Merle C. Groene, Asst. U. S. Atty., of Billings, Mont., Major Samuel F. Beach, of Washington, D. C., and Major Richard B. Ott, of San Francisco, Cal., for respondent.

PRAY, District Judge.

Application for writ of habeas corpus in the above entitled cause was filed herein on August 18, 1945, and on that date an order of court was made awarding said writ and granting stay of execution of sentence.

Thereafter return and answer was made thereto by the respondent, Colonel Alexander M. Weyand, Commanding Officer, Northwestern Branch, United States Disciplinary Barracks, at Fort Missoula, Montana, where the said petitioners were imprisoned under authority of the United States Government. Answer to return was filed by counsel for petitioners, and thereafter a hearing was held in the presence of the said petitioners who were represented by their counsel. Counsel were also present and conducted the hearing on the part of the respondent. Subsequently briefs were filed in said cause by counsel for the respective parties, and the matter was submitted to the Court for decision.

On April 18, 1944, at Camp Haan, California, the said petitioners being soldiers in the United States Army and subject to military authority, were convicted of the crime of rape by a United States Army General Court-Martial, and thereafter were sentenced to death. By the same Court-Martial the petitioners were also at the same time found guilty of other crimes as will appear from the charges and specifications. On July 5, 1945, the sentence thus imposed was confirmed and ordered to be carried into execution by President Truman.

Article of War 92, 10 U.S.C.A. § 1564, on the subject of rape, provides: "Any

person subject to military law who commits * * * rape shall suffer death or imprisonment for life, as a court-martial may direct * * *."

In respect to sentence, A. W. 43, 10 U.S.C.A. § 1514, provides as follows: "No person shall, by general court-martial, be convicted of an offense for which the death penalty is made mandatory by law, nor sentenced to suffer death, except by the concurrence of all the members of said court-martial present at the time the vote is taken, and for an offense in these articles expressly made punishable by death * * *."

Petitioners contend that the Court-Martial exceeded its jurisdiction and authority in imposing a death sentence without a unanimous vote by the members present at the time the vote was taken; and further, that the member of the Court-Martial who voted not guilty, when the members thereof were considering the guilt or innocence of the petitioners, would not later on, when considering the sentence to be imposed, be likely to vote the extreme penalty.

Counsel for respondent reply that the vote of the member in question will be understood if one is at all familiar with Court-Martial procedure. After the vote was taken on the question of guilt or innocence of the petitioners, which stood 8 to 1 for conviction, the Court was re-opened and the previous record of both petitioners was disclosed and considered; it showed that petitioner List, who, as a witness, denied the charge of rape, had been an offender within the preceding year and according to Exhibit 12, in evidence, he had been convicted of violation of A.W. 61, A.W. 69, A.W. 93, and A.W. 96, 10 U.S.C.A §§ 1533, 1541, 1565, 1568. Petitioner Besherse did not testify before the Court-Martial.

In argument counsel for respondent assert: "The record clearly shows that up to this time the Court had not been apprized of any previous convictions, and no attempt was made on behalf of the trial Judge Advocate to impeach List's character as to truth and veracity. It is, therefore, readily understandable that after the doubting member of the Court-Martial was apprized of List's previous record, he was then willing to reverse himself as to List's guilt and was willing to invoke the maximum penalty permitted under the law."

References to the Court-Martial Manual have been read and considered by the Court. During deliberation on the findings the Court-Martial sits in closed session and "vote is by secret written ballot (A.W. 31 [10 U.S.C.A. § 1502]) and is obligatory" (Article 78(d) P. 65).

In the event of conviction the Court re-opens and receives evidence including that of previous convictions. It is provided by paragraph 80(b), P. 68, as follows: "Procedure.—The Court sits in closed session during deliberation on the sentence. Deliberation may properly include full and free discussion. The influence of superiority in rank should not be employed in any manner in an attempt to control the independence of members in the exercise of their judgment. Voting is by secret ballot (A.W. 31) and is obligatory on each member regardless of his vote as to the findings. It is the duty of each member to vote for a proper sentence for the offense or offenses of which the accused has been found guilty, without regard to his opinion or vote as to the guilt or innocence of the accused. See A.W. 43 as to number of votes required, and A.W. 31 as to counting and checking votes and announcing the result of the ballot. * * * any sentence, even in a case where the punishment is mandatory, must be concurred in by the required number of members."

It has been held that such "proceedings are open to review by the civil courts only for the purpose of ascertaining whether the court-martial had jurisdiction, and, if it had, whether it exceeded its powers. * * * That its sentences may be recognized it must appear affirmatively and unequivocally that the court [rendering] them was constituted according to law, that it had jurisdiction, that it complied with all the statutory regulations governing it, and that its sentences conformed to the law. Runkle v. United States, 122 U.S. 543, 555, 7 S.Ct. 1141, 30 L.Ed. 1167. Its authority is derived from the statute, and it must proceed in conformity therewith. Being an inferior court of limited jurisdiction, its judgments may be attacked collaterally, and the validity of its proceedings can be raised upon a hearing on habeas corpus. McClaughry v. Deming, 186 U.S. 49, 69, 22 S.Ct. 786, 46 L.Ed. 1049." United States ex rel. Harris v. Daniels et al., 2 Cir., 279 F. 844, 846.

The most important question here is whether the members of the Court-Martial voted unanimously on the imposition of the death penalty. It would seem from an ex-

amination of the Court-Martial record, introduced in evidence, that, as contended by counsel for the respondent, the vote on the death penalty was unanimous.

In Johnson v. Sayre, 158 U.S. 109, 15 S. Ct. 773, 777, 39 L.Ed. 914, it was said: "The court-martial having jurisdiction of the person accused and of the offense charged, and having acted within the scope of its lawful powers, its decision and sentence cannot be reviewed or set aside by the civil courts, by writ of habeas corpus or otherwise." Other cases considered are to the same effect. It was held in Sanford v. Robbins, 5 Cir., 115 F.2d 435, 437: "The civil courts cannot review the merits of cases tried in the military tribunals. In habeas corpus to obtain release from the sentence of a court-martial there can be no discharge if the court has jurisdiction to try the offender for the offense and the sentence was one which the court could under the law pronounce. Ex parte Mason, 105 U.S. 696, 26 L.Ed. 1213; United States [ex rel. Feld] v. Bullard, 2 Cir., 290 F. 704; 29 C.J. p. 93, 94."

In the case of Schita v. Cox, 8th Cir., 139 F.2d 971, 973, wherein several related authorities were cited, it was disclosed to what extent irregularities in proceedings before Military Courts will be considered where the petitioner was subject to military law and the crime charged was triable before a Military Court, and where the record shows that a review of the proceedings was had by the Board of Review of the office of the Judge Advocate General. It was said in that case at the conclusion of the decision, which would apply here with equal force: "The transcript and record of the court-martial proceedings substantiates their regularity in every respect of which petitioner alleges irregularity."

Both sides have referred to the case of Hancock v. Stout, reported in D.C. 55 F. Supp. 330, and reversed by the Circuit Court of Appeals for the 4th Circuit in 146 F.2d 741, certiorari was later denied by the Supreme Court, 325 U.S. 850, 65 S.Ct. 1086. Judge Parker said in his opinion in this case [146 F.2d 744]: "Ample protection is accorded one accused of these crimes by the provision that the death penalty may be imposed only by unanimous vote, without requiring that conviction be by such vote."

Counsel contend that the burden is upon the respondent to prove the necessary jurisdictional facts, and that no extrinsic evidence has been offered to meet the collateral attack of petitioners. The Court has already referred to the record and transcript in evidence, and to its regularity and conclusiveness. The record bears the certificate and seal of the Secretary of War; contains a transcript of the testimony and the opinion of the Board of Review in the Judge Advocate General's office; and the Board of Review submitted its opinion to the Judge Advocate General; and the record of the trial, the opinion of the Board of Review, and the recommendations of the Judge Advocate General were transmitted directly to the Secretary of War for action by the President, all of which received his approval.

After all has been said by petitioners and their counsel, who has ably represented their interests, there exists no doubt in the Court's mind, after serious consideration, of the authenticity of the Court-Martial record and proceedings; and furthermore, the Court is convinced, from a review of all the evidence presented at the hearing, that the Court-Martial was constituted according to law; that it had jurisdiction and that all applicable statutory regulations were complied with, and that the sentence was imposed by a unanimous vote, in accordance with military law.

No good reason appearing for casting doubt upon the legality and sufficiency of the Court-Martial proceedings in question, in the Court's opinion in concluding this matter, there remains but one course to pursue, and that is found in a denial of the application for writ of habeas corpus, the discharge of the writ, and forthwith remanding the petitioners to the custody of the Commanding Officer, Northwestern Branch, United States Disciplinary Barracks, at Fort Missoula, Montana, who is named as respondent in said cause, and such is the order of the Court herein.